[No. 15358.    Department Two. — January 26, 1894.]

# LOUIS JAFFE, APPELLANT, *v.* SOLOMON LILIENTHAL, ADMINISTRATOR, ETC., RESPONDENT.

APPEAL—BILL OF EXCEPTIONS—DELAY IN FILING—REVIEW OF ORDER.— When the trial court has determined that a delay in filing a bill of exceptions has not been unreasonable, its order will not be reviewed upon appeal in the absence of a bill of exceptions setting out all the facts.

CONTINUANCE—NECESSARY ABSENCE OF PLAINTIFF—PREPARATION FOR TRIAL.—Where, upon the day set for the trial of an action, the plaintiff's attorney moved for a continuance upon affidavits showing that the plaintiff, who resided out of the state, was confined to his room by illness, and would not be able to leave his room for at least two months; that the plaintiff's presence at the trial was indispensably necessary; that he was the only person who knew the whereabouts of the witnesses; that their names had not been communicated to plaintiff's attorney, and that the attorney did not know the details of the case, it was error for the court to deny the continuance and proceed to a trial of the action.

ID.—PRESENCE OF PARTIES AT TRIAL—WAIVER—DISMISSAL.—It is the right of parties to be present at the trial of their cases, unless such right is waived by voluntary and negligent absence without reasonable excuse; and a dismissal on account of the absence of a plaintiff which involves the destruction of his rights should not be imposed, unless justice clearly requires it.

ID.—CONTENTS OF AFFIDAVIT—MATERIALITY OF EVIDENCE.—An affidavit for a continuance on account of the absence of a party under section 594 of the Code of Civil Procedure need not show the materiality of the evidence expected to be obtained.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*I. I. Brown*, for Appellant.

The court erred in denying plaintiff's motion for a continuance, and such denial was an abuse of discretion. The discretion confided to the court is a legal discretion to be exercised not capriciously or arbitrarily, but by fixed legal principles, and in a manner to subserve and not to defeat the ends of substantial justice. (*Turner v. Morrison*, 11 Cal. 22; *Bailey* v. *Taaffe*, 29 Cal. 424; *Stringer* v. *Davis*, 30 Cal. 322; *Lybecker* v. *Murray*, 58 Cal. 189.)

*Lamberson & Middlecoff*, for Respondent.

The bill of exceptions was not filed in time and should not be considered. (Code Civ. Proc., sec. 650; Hayne on New Trial and Appeal, sec. 159; *O'Neil* v. *Dougherty*, 47 Cal. 164.) The affidavits for a postponement were insufficient, as they failed to show the materiality of the evidence expected to be obtained, or that due diligence was used to procure it. (Code Civ. Proc. 595.)

HAYNES, C.—On the 21st of December, 1891, this cause was set for trial for January 6, 1892. On that day plaintiff's attorney moved for a continuance upon affidavits of the plaintiff and his physician showing in substance that the plaintiff, who then and for about a year prior thereto resided in Seattle, Washington, was confined to his room by an attack of acute rheumatism to which he was subject, and was wholly unable to move or leave his room, and in the opinion of his physician would not be able to leave his room in less than two months. The affidavit of plaintiff further stated that his presence at the trial was indispensably necessary; that he was the only person who knew the whereabouts of the witnesses necessary to be called on his behalf; that their names had not been communicated to his attorney, nor the matters to which they would testify. D. M. Delmas, Esq., attorney for plaintiff, also presented his own affidavit that plaintiff's presence was necessary, that he did not know the names of plaintiff's witnesses, nor the details of the case.

No counter-affidavits were presented. The continuance was denied, plaintiff's attorney left the courtroom, and a judgment was entered for nonappearance of the plaintiff, and the plaintiff appeals.

Plaintiff's bill of exceptions was settled and allowed February 3, 1892, but was not then filed. On January 5, 1893, the court made an order reciting that "good cause appearing therefor" said bill of exceptions should be filed *nunc pro tunc* as of February 3, 1892.

Respondent contends that the bill of exceptions was

not filed in time, and cites section 650 of the Code of Civil Procedure, the last clause of which is as follows: "When settled the bill must be signed by the judge or referee, with his certificate to the effect that the same is allowed, and shall then be filed with the clerk."

Whether the delay was "unreasonable," as claimed by respondent, was for the court to determine. The circumstances which the court held were sufficient to justify the order do not appear. In the absence of a bill of exceptions setting out the facts this order cannot be reviewed.

We think the court erred in not granting a continuance.

Respondent suggests that it does not appear that plaintiff was a witness, nor that his attorney used any diligence to prepare for the trial.

It seldom happens that a trial can be properly had in the absence of the plaintiff, even where he is disqualified as a witness, especially where it is to be tried upon oral testimony. With all the care that can reasonably be taken by both attorney and client, some matter of vital importance is liable to be overlooked by them until the trial calls it to the recollection of the plaintiff, and this is especially true in relation to matters purely in rebuttal. It is the right of parties to be present at the trial of their cases. This right may be waived, and should be held to be waived where the absence of the party is voluntary and under circumstances which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public, all of whom are interested in the due and prompt administration of justice, to absent himself.

So far as the want of preparation on the part of the attorney is concerned, the most laborious and painstaking preparation on his part would not have prevented the sickness and absence of his client; nor does it appear that if the plaintiff had not been sick the necessary preparation could not have been made after the case was set for trial.

Respondent further contends that the affidavits do not show the materiality of the evidence expected to be obtained.

The application for continuance was not made under section 595 of the Code of Civil Procedure, but under section 594, which authorizes the court "for good cause" to postpone the trial in the absence of a party. The consequences of a dismissal of an action because of the absence of a plaintiff should always be considered, especially where any reasonable excuse is shown for his absence, as where a plea of the statute of limitations could be interposed to a new action. In such case the dismissal is the absolute destruction of the plaintiff's right, and so serious a penalty should not be imposed unless the due administration of justice clearly requires it.

The judgment appealed from should be reversed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is reversed.

FITZGERALD, J., DE HAVEN, J.

McFARLAND, J.—I concur in the judgment.