[S. F. No. 1449.   Department Two.—September 13, 1900.]

## PIETRO QUEIROLO, Respondent, v. ROSA QUEIROLO, Appellant.

DIVORCE—CUSTODY OF CHILDREN—PETITION FOR MODIFICATION OF DECREE—REFUSAL OF CONTINUANCE—ABSENCE OF SHOWING.—Upon the hearing of a verified petition to modify a decree of divorce which awarded the custody of the children to the mother, so as to award the same to the father, on the ground of the mother's alleged unfitness and immoral conduct, an application by her counsel for a continuance based merely on the certificate of a physician as to her illness, without any denial of the averments of the petition, or any affidavit or professional statement that she would testify contrary to its averments, or that her presence at the hearing was necessary, was properly refused.

ID.—SUPPORT OF MODIFICATION—EVIDENCE OF IMMORAL CONDUCT.—Testimony in support of the allegations of the petition by witnesses who were in a position to know the character of the house in

which the defendant was residing with the children that it was
notoriously disreputable, that she was illicitly cohabiting therein
with another man, and that the place and its surroundings
were unfit for the children, sufficiently warrants the court in
modifying the decree by taking the children from the custody
of the mother and awarding them to the custody of the father.

ID.—ADMISSION OF COUNSEL IN OPEN COURT—REVIEW UPON APPEAL—
ABSENCE OF RULING AND EXCEPTION—APPELLANT NOT INJURED.—The
admission of the counsel for the defendant in open court as to
the immoral conduct of the defendant, even if it be conceded
in excess of the authority given him by section 283 of the Code
of Civil Procedure, cannot be made a ground of reversal upon
appeal of the defendant, where it appears that no ruling was
made by the court, and no objection was made or exception
taken, in respect to the consideration of the admission by the
court, and where the evidence was such as clearly to show that
the defendant was not injured by the admission, if it be con-
ceded to be error.

APPEAL from an order of the Superior Court of the City
and County of San Francisco modifying a decree of divorce as
to the custody of the children.   J. M. Seawell, Judge.

The facts are stated in the opinion.

F. D. Brandon, James A. Devoto, and Devoto & Demartini,
for Appellant.

Leon Samuels, for Respondent.

CHIPMAN, C.—This is an appeal by defendant from an or-
der modifying a decree, given and made November 18, 1896,
by which plaintiff obtained a divorce from defendant on the
ground of her extreme cruelty, and awarding the custody of
their three minor children to defendant.

On November 22, 1897, plaintiff filed a verified petition in
the action, setting forth, among other facts, that defendant
is residing with said three children at No. 321 Pacific street;
that the children are of tender years, to wit, one a boy aged nine
years, one a girl aged seven years, and one a girl aged five
years; "that said house is a notoriously disreputable house and
an unfit and improper place in which to rear said children;
that said defendant has neglected and improperly treated said
children and each of them"; that "for a long time past said de-

fendant has notoriously and illicitly cohabited and now cohabits with one A. Donzelli, though not united to him in the bonds of matrimony, . . . . and that the said defendant is not a fit or proper person to have care, control, custody, and education of said children." The petition concludes with a prayer that the decree be modified so far as relates to said children, etc.

The petition was ordered to be heard on November 26, 1897, of which defendant had due notice, and came on to be heard on November 30th, plaintiff appearing in person and by counsel, and defendant appearing by counsel, Mr. F. D. Brandon. A continuance was asked by defendant's counsel on the certificate of her attending physician that defendant was "too sick and ill to be personally present in court." By consent of the parties the testimony of several witnesses was taken and the further hearing was postponed until December 3, 1897, at which time defendant's counsel again moved for a continuance on the same ground as before, and the court denied the motion. Counsel for defendant thereupon orally denied the allegations of the petition except as to the alleged illicit cohabitation of defendant with the said Donzelli, which he admitted to be true. The matter was submitted to the court for its decision, and on December 8, 1897, the court made its order modifying its decree in the divorce case and awarded the custody of the children to plaintiff. The order recites, among other things, that "all the allegations set forth in plaintiff's petition were proven to the satisfaction of the court."

Error is claimed: 1. In refusing to grant defendant's motion for a continuance; 2. For insufficiency of the evidence to support the order; and 3. In considering the admission of the counsel for defendant at the time it was made.

The first objection is grounded on the assumption that the certificate of the physician alone gave defendant an absolute right to a continuance. There was then no answer to the petition, no denial of its verified averments, no affidavit of defendant nor even an oral statement of her counsel that if permitted to be present defendant would testify to the untruthfulness of the facts stated in the petition or to any facts whatever, and no showing that her presence was necessary as a witness or as adviser to her counsel in conducting the hearing.

Under such circumstances it was not error to refuse the motion. (*Paulucci v. Verity,* 1 Kan. App. 121.)

The evidence was sufficient to support the order. It appeared by the testimony of witnesses who were in position to know the character of the house in which defendant was residing with her children that it was notoriously of the character alleged, and that its immediate surroundings were such as to warrant the court in causing the removal of the children and in determining that they should be taken from defendant and given to plaintiff's custody and care.

Counsel strenuously contend that it was error to receive and consider the admission of counsel as to the immoral conduct of his client; that the admission was in excess of the authority given him by section 283 of the Code of Civil Procedure, and several pages of the reply brief are devoted to an argument the purpose of which is to show that the decision in *Hearne v. De Young,* 111 Cal. 377, "is highly technical and not warranted in reason or principle." Other cases giving construction to this section are *Preston v. Hill,* 50 Cal. 53,[1] and *Smith v. Whittier,* 95 Cal. 279, and these cases were referred to approvingly in *Reclamation Dist. v. Hamilton,* 112 Cal. 603. We do not feel called upon to discuss the point in the present matter. The admission was made in open court at the hearing by the then attorney of defendant, who now, with associate counsel, seeks to take advantage of it by this appeal. Some testimony was given tending to show the truth of the fact admitted; no objection was made to the admission, and, of course, no ruling made or exception reserved thereto. Besides, the testimony was such as to clearly show that defendant was not injured by this admission of her counsel if it be conceded to be error.

The order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.        Harrison, J., Temple, J., Henshaw, J.

---

[1] 19 Am. Rep. 647.