[L. A. No. 2531. Department One.—May 20, 1911.]

R. B. SHELDON, Respondent, v. H. A. LANDWEHR, Appellant.

PRACTICE—CONTINUANCE—ABSENCE OF WITNESS—DENIAL OF APPLICA-
TION—DISCRETION.—An application for a continuance of the trial on the ground of the absence of a witness is addressed to the sound discretion of the trial court, and an order denying the application will not be deemed ground for reversal unless it is clear to the appellate court that the court below has abused its discretion.

ID.—WITNESS ALSO A PARTY.—The circumstance that the witness who is unable to attend is at the same time one of the parties strengthens the showing in favor of a continuance, but does not necessarily compel the court to grant a continuance.

ID.—CIRCUMSTANCES AFFECTING COURT'S ACTION—GOOD FAITH OF AP-
PLICATION.—In such case, the court, in granting or denying the application, should be governed by a desire to take that course which, under all the circumstances disclosed, seems most likely to accomplish

substantial justice. One of the questions that may be considered is that of the good or bad faith of the application.

ID.—ILLNESS OF PARTY—POSSIBILITY OF LOSS TO PLAINTIFF OF BENEFIT OF ATTACHMENT—REFUSAL OF CONTINUANCE.—Where a continuance is requested by the attorney for the defendant on account of the illness of his client, and the plaintiff objected thereto on the ground that he had attached, as security for any judgment to be recovered, certain stock of the defendant in a corporation controlled by him, on which an assessment had been levied, and that a delinquent sale therefor, if had before judgment, would destroy his security, the refusal of the court to grant a continuance, except on the condition that the defendant secured a postponement of the delinquent assessment sale, is not an abuse of discretion.

ID.—NOTICE OF TRIAL—ABSENCE OF PARTY—APPEARANCE AT TRIAL OF BOTH PARTIES.—The provision of section 594 of the Code of Civil Procedure, requiring as a condition to proceeding with a trial proof that the adverse party has had five days' notice, of such trial, has reference only to proceedings taken against a party in his absence. It has no application to cases in which both parties are represented when the case is called for trial.

ID.—SHOWING OF INABILITY TO PREPARE FOR TRIAL.—Where the party has actually known that the case was set for a certain time, and appears at that time, he is not entitled to a continuance in the absence of a claim and showing that he has not had such knowledge long enough to enable him to properly prepare. It is in each case a question for the discretion of the trial court.

ID.—LIMITING APPEARANCE TO MOVE FOR CONTINUANCE—WAIVER.—Assuming that an attorney who has appeared generally by filing an answer, could subsequently limit his appearance for the special purpose of moving for a continuance, he waives such limitation by remaining during the trial and taking part in the proceedings on behalf of his client.

APPEAL from a judgment of the Superior Court of Orange County and from an order refusing a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

Charles S. McKelvey, and McKelvey & Sorenson, for Appellant.

Purington & Adair, for Respondent.

SLOSS, J.—Judgment went for the plaintiff in this action to recover the balance claimed to be due on four promissory

notes. The defendant appeals from the judgment and from an order denying his motion for a new trial.

The only point made by the appellant is that the court erred in denying his motion for a continuance.

It appears that when the case was called for trial the attorney for defendant stated to the court that he appeared specially to ask for a continuance on the ground of the inability of the defendant to be present on account of ill health. He supported his application by his own affidavit and by the oral testimony of a physician. The affidavit stated that the defendant, if present, would testify to certain facts material to his defense, and that the case could not be tried without his testimony. The physician's testimony was to the effect that the defendant's condition was such as to make it unsafe for him to appear at the trial, or to go to trial in less than a month.

The plaintiff, through his attorney, objected to a continuance on the ground that he had attached, as security for any judgment to be recovered, certain mining stock of defendant; that an assessment had been levied on said stock, and the same was advertised to be sold at delinquent sale within three weeks, and that such sale, if had before judgment, would destroy plaintiff's security. Declaring that the defendant was in full control of the mining company, and could postpone the sale, the plaintiff, in effect, offered to consent to a continuance of the trial, if defendant would postpone the delinquent sale for thirty days. The defendant's attorney stated that he could not consent to such postponement, and declared that the plaintiff had security for the notes, beyond the stock covered by his attachment. The plaintiff introduced evidence showing that he had no other security. After some discussion, the court continued the matter until the afternoon of the same day, when further testimony on the question of other security was given. Plaintiff's attorney then renewed his offer to consent to a continuance, on condition that the defendant would have the assessment sale postponed. Defendant's attorney, not questioning the statement that it was in defendant's power to have the sale postponed, simply declared that he was not willing to undertake to procure a postponement of the sale. Thereupon the court said: "I will continue this case until tomorrow, and if that company does not pass proper resolutions

and continue that sale, the case will 'go on to-morrow." De-
fendant's attorney stated that he could not and would not
be present on the following day, whereupon the court directed
that the trial proceed, and it did proceed, defendant's attorney
participating.

An application for continuance on the ground of the absence
of a witness is addressed to the sound discretion of the trial
court, and an order denying the application will not be deemed
ground for reversal unless it is clear to the appellate court that
the court below has abused its discretion. (*Musgrove* v.
*Perkins,* 9 Cal. 211; *Kneebone* v. *Kneebone,* 83 Cal. 647, [23
Pac. 1031].) The circumstance that the witness who is unable
to attend is at the same time one of the parties should no doubt
be regarded as strengthening the showing in favor of a con-
tinuance (*Jaffe* v. *Lilienthal,* 101 Cal. 175, [35 Pac. 636]), but
it has never been held in this court that the unavoidable ab-
sence of a party necessarily compels the court to grant a
continuance. (*Lynch* v. *Superior Court,* 150 Cal. 123, [88
Pac. 708].) In such cases, as in others, the court, in granting
or denying the application, should be governed by a desire to
take that course which, under all the circumstances disclosed,
seems most likely to accomplish substantial justice. One of
the questions that may be considered is that of the good or bad
faith of the application. (*Barnes* v. *Barnes,* 95 Cal. 171, 177,
[16 L. R. A. 660, 30 Pac. 298].)

Upon the facts before it in the case at bar, the trial court
certainly cannot be said to have abused its discretion in deny-
ing the defendant's motion. The plaintiff had shown that he
would suffer loss by delay. Notwithstanding this, he expressed
his willingness to have the trial continued if he were protected
against such loss. The defendant had the power to afford
such protection, but his attorney declined to take any step to
that end. His position, as he stated it to the court, was that his
client was "entitled to a continuance no matter what the result
would be to the plaintiff." The court below took the contrary,
and we think the correct, view that its duty was to consider
the interests of both parties. The showing before it fully
justified the conclusion that injustice would be as likely to
follow from the granting of the continuance as from its
refusal. Furthermore, the attitude of defendant's attorney
afforded warrant for the belief that the continuance was not

asked in good faith to enable the defendant to make a meritorious defense, but that its real object was to hinder and delay the plaintiff in the enforcement of his rights.

It is also claimed that the court erred in proceeding to trial because it was alleged in the affidavit of defendant's attorney that he had not had notice of the time of trial. Said attorney did in fact remain during the trial and participated therein. Section 594 of the Code of Civil Procedure provides that "Either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party, . . . may proceed with his case, and take a dismissal of the action, or a verdict or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof must first be made to the satisfaction of the court that the adverse party has had five days' notice of such trial." It is quite clear, from the reading of this section, that it has reference only to proceedings taken against a party in his absence. Where one party, the other being absent and unrepresented, calls a case for trial, and seeks, upon an *ex parte* showing, to secure a dismissal, a verdict, or a judgment, the section requires proof that the absent party has had such notice as would have enabled him to appear to prosecute or defend his case. A proceeding taken against him in his absence is in the nature of a default. The purpose of the code section is to prevent the possibility of such default being taken against one who has, by reason of insufficient notice or no notice of the time of trial, been unable to appear. The provision has no application to cases in which both parties are represented when the case is called for trial. It is, of course, true that even in such cases, the want of notice sufficient to have enabled one of the parties to prepare for trial would be good ground for continuance. But the statute does not fix any arbitrary period of five days for this purpose, nor does it require service of a formal notice. Where the party has actually known that the case was set for a certain time, and appears at that time, he is not entitled to a continuance in the absence of a claim and showing that he has not had such knowledge long enough to enable him to properly prepare. It is in each case a question for the discretion of the trial court.

In the case at bar, no claim was made that the defendant and his attorney had not known of the setting of the case long enough in advance to enable them to be ready. The affidavit

of the attorney that he had received no notice must be taken to refer only to a formal service of notice in writing. Other averments in the same affidavit show by clear implication that he had knowledge, at least two days before the day of trial, that the case had been set for that day. That the defendant himself had such knowledge for a considerably longer period is shown by the testimony of his physician. The real ground upon which a continuance was asked was the illness of the defendant, and the period of postponement requested on this ground was thirty days. A continuance of five days was the utmost that could have been claimed for want of notice, even if the period defined in section 594 governed the case. But such continuance would not have put the defendant in any better position, so far as his personal presence and aid to his attorney was concerned. Under these circumstances, we think the court did not err in refusing to postpone the trial upon the mere ground that notice of the setting of the case had not been given.

We attach no importance to the statement of defendant's attorney, that he appeared specially to move for a continuance. He had already appeared generally by filing an answer. Assuming that he could thereafter limit his appearance to a special purpose, he certainly waived such limitation by remaining during the trial, cross-examining witnesses, making objections, and otherwise taking part in the proceedings on behalf of his client.

The judgment and the order denying a new trial are affirmed.

Angellotti, J., and Shaw, J., concurred.