[Civ. No. 1011.   Second Appellate District.—February 26, 1913.]

GEORGE R. MEAD et al., Respondents, v. B. BROADS et al., Appellants.

TRIAL—CONTINUANCE BECAUSE OF SICKNESS OF ONE DEFENDANT—WHEN MAY BE DENIED.—It is not an abuse of discretion to deny a continuance on the ground that one of the defendants is sick and unable to attend the trial, where the affidavit shows that he is the only person who knows the whereabouts of witnesses necessary to be called for the defendants, but does not show when he will be able to appear, or that it is expected that he will appear at any time; while it is shown in opposition that the action has been pending more than a year and various continuances have been had, and that the other defendant, his wife, is the owner and principal manager of the business of the defendants alleged to have caused the damages sued for, and that during most of the time when such damages occurred he was not present in the city.

ID.—ABSENCE OF PARTY—DISCRETION OF COURT.—The mere absence of a party furnishes no ground for a continuance, unless it is made to

appear that such absence is unavoidable and that the party will suffer damage in his interests if he is unable personally to attend the trial; and even where a *prima facie* showing of these essentials is made, if there is presented a counter-showing, then it becomes the duty of the trial court to resolve the facts and no claim of abuse of discretion can be predicated upon its action.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Charles Monroe, Judge.

The facts are stated in the opinion of the court.

H. C. Millsap, for Appellants.

Ray Howard, for Respondents.

JAMES, J.—By this appeal, taken from a judgment entered in favor of the plaintiffs, but one question is presented for review, and that is whether the trial court erred in denying a motion made for continuance of the trial on the ground of the absence of the defendant Bernard Broads.   This action was brought to recover damages alleged to have been suffered by the plaintiffs through the acts of the defendants in allowing and permitting water and other liquids to flow through the ceiling of plaintiffs' storeroom.   An injunction was also asked to restrain the continuance of the acts complained of.   Answer was filed and the cause came on regularly for trial, when the attorney for defendants presented an affidavit showing that defendant Bernard Broads, the husband of defendant Laura Broads, was sick and unable to attend the trial; that said Bernard Broads was the only person who knew of the whereabouts of witnesses necessary to be called on behalf of defendants, and that defendants could not safely proceed to trial without the presence of said Broads.   It was not shown by the affidavit as to when the absent defendant would probably be able to appear, or that it was expected that he would so be able within a reasonable or any time.   In opposing the motion for a continuance, counsel for plaintiffs made a statement which it was stipulated might be treated as though it was presented in the form of an affidavit, and it was so considered by the court.   By this statement it was shown that the action had been pending for more than a year and that various

continuances had been had, and that defendants had testified in other matters between the same parties that the defendant Laura Broads was the owner and principal manager of the business of defendants; that Broads had formerly testified that during most of the time when the alleged nuisance was being maintained he was not present in the city; that defendants Broads had made their residence over their restaurant (plaintiff's store-room being located on the ground floor under the restaurant), and that these were the premises where the damages were alleged to have been suffered. Upon this showing, the court made an order denying the motion for continuance, and plaintiffs introduced their testimony. No evidence was offered on behalf of defendants and the judgment followed. Upon the evidence as presented to the trial court, consisting of the affidavit and the statement made counter thereto, we are of the opinion that the making of the order denying the motion for postponement of the trial was not an abuse of discretion. The mere absence of a party furnishes no ground for a continuance, unless it is made to appear that such absence is unavoidable and that the party will suffer damage in his interests if he is unable personally to attend the trial; and even where a *prima facie* showing of these essentials is made, if there is presented a counter-showing, then it becomes the duty of the trial court to resolve the facts and no claim of abuse of discretion can be predicated upon its action. Such is the state of the case presented upon this appeal.

Suggestion has been made as to the death of some of the parties to this action, but upon the state of the record as it is presented we do not deem it necessary that substitution be made of their personal representatives.

The judgment appealed from is affirmed.

Allen, P. J., and Shaw, J., concurred.