[Civ. No. 4119.   Second Appellate District, Division One.—November 14, 1924.]

## AMELIA DERKMANN, Respondent, v. VERRA VON BLUMENTHAL, Appellant.

[1] CONTINUANCES—INABILITY OF DEFENDANT TO ATTEND TRIAL—EVIDENCE—DISCRETION—APPEAL.—The action of a trial court in denying a motion for a continuance made after plaintiff had rested her case upon the ground of defendant's alleged inability to attend the trial on account of sickness will not be disturbed on appeal where the record does not show that the application for the continuance was accompanied by an affidavit or a statement of what testimony or evidence, if any, would be given by the defendant if she were present at the trial, and where there is a conflict in the testimony of the doctors as to defendant's physical condition as affecting her ability to be present at the trial.

[2] ID.—APPEAL—SPECIFICATIONS.—Where an appellant claims error by reason of alleged "irregularity of the proceedings" and refers "to the record as set out in the statement of facts and also, without quoting here, to the affidavit of defendant's and appellant's attorney found in the clerk's transcript, and referred to and made a part of said appendix," in the absence of a more particular specification thereof by appellant, it will be concluded that the claimed "irregularity" is not of a very serious nature.

---

(1) 13 C. J., p. 185, sec. 133.   (2) 4 C. J., p. 910, sec. 2878.

1. When parties entitled to continuance in civil case, note, 74 Am. Dec. 141. See, also, 6 R. C. L. 564; 5 Cal. Jur. 1000.

Illness of party as ground for continuance, note, 42 L. R. A. (N. S.) 660.

2. See 2 Cal. Jur. 800.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Walton J. Wood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Sidney J. Parsons for Appellant.

D. A. Stuart for Respondent.

HOUSER, J.—Plaintiff recovered judgment in the court below, and defendant appeals therefrom on the ground of irregularity in the proceedings and error of the court in refusing to grant a continuance of the trial.

From the record (which apparently is incomplete), the facts appear to be that after plaintiff had rested her case defendant's attorney moved for a continuance of the hearing of the action on the ground, as stated by defendant's attorney, "Now it may be out of order—I trust Your Honor won't think so—but I rise and ask you to continue this case until I can see Madam Von Blumenthal and ask her the facts and find out what is right with reference to her cause. These people are armed here with their witnesses. Mine is now sick in bed. My client can't come here, and I wish right now to ask a continuance of this case until I can at least find out what the facts are."

On the consideration of defendant's motion, the affidavit of a physician as to the health of defendant was introduced in evidence and the physician was later called as a witness in the matter. His testimony was to the effect that defendant was too ill to attend court. Another physician, appointed by the court for the purpose of making a physical examination of defendant, testified "that the defendant was not suffering from any illness, either physically or mentally, that would in any way prevent her from court and participate in the trial of said action." Another witness testified to having seen defendant on a street in the city of Pasadena within four days next preceding the date when the motion for a continuance was heard. On the evidence the court denied defendant's said motion.

In the case of *Sheldon* v. *Landwehr,* 159 Cal. 778 [116 Pac. 44], the rules governing the proper disposition of a motion for continuance of a trial are set forth as follows:

"An application for continuance on the ground of the absence of a witness is addressed to the sound discretion of the trial court, and an order denying the application will not be deemed ground for reversal unless it is clear to the appellate court that the court below has abused its discretion. (*Musgrove* v. *Perkins,* 9 Cal. 211; *Kneebone* v. *Kneebone,* 83 Cal. 647 [23 Pac. 1031].) The circumstance that the witness who is unable to attend is at the same time one of the parties should no doubt be regarded as strengthening the showing in favor of a continuance (*Jaffe* v. *Lilienthal,* 101 Cal. 175 [35 Pac. 636]), but it has never been held in this court that the unavoidable absence of a party necessarily compels the court to grant a continuance. (*Lynch* v. *Superior Court,* 150 Cal. 123 [88 Pac. 708].) In such cases, as in others, the court, in granting or denying the application, should be governed by a desire to take that course which, under the circumstances disclosed, seems most likely to accomplish substantial justice." (See, also, *Marcucci* v. *Vowinckel,* 164 Cal. 693 [130 Pac. 430].)

[1] The record does not show that the application for a continuance in the instant case was accompanied by an affidavit or a statement of what testimony or evidence, if any, would be given by the defendant, if she were present at the trial. The doctors disagreed as to defendant's physical condition as affecting her ability to be present at the hearing, and the duty of deciding between them devolved upon the judge of the trial court. There is nothing to indicate that the discretion of the court was abused in denying the motion for a continuance.

[2] With reference to the alleged "irregularity of the proceedings" appellant refers "to the record as set out in the statement of facts and also, without quoting here, to the affidavit of defendant's and appellant's attorney found in the clerk's transcript, and referred to and made a part of said appendix." An examination of the transcript to which reference is had fails to disclose to this court any "irregularity"; and in the absence of a more particular specification

thereof by appellant, it must be concluded that the claimed "irregularity" is not of a very serious nature.

No other points for reversal being presented by appellant, it is ordered that the judgment be and the same is affirmed.

Conrey, P. J., and Curtis, J., concurred.