[Civ. No. 10. Fourth Appellate District.—October 22, 1929.]

W. T. ROSS et al., Respondents, v. A. F. THIRLWALL, Appellant.

A. S. Maloney for Appellant.

Pollock & Mitchell for Respondents.

BARNARD, J.—This was an action originally brought by the plaintiffs as assignees of one W. C. Gilman to recover a balance of the purchase price of certain hogs, alleged to have been sold by Gilman to defendant. To the complaint the defendant filed an answer and counterclaim based upon allegations that the hogs sold him by Gilman were infected with cholera. He also filed a cross-complaint against the plaintiffs and the said Gilman, based upon damages, alleged to have been suffered, by reason of the communication of cholera from the hogs so purchased to other hogs already owned by him.

When the case was called for trial on April 30, 1926, at 10 o'clock A. M., the defendant was not present. His attorney made a verbal statement to the court that the wife of said defendant was seriously ill at Chino, a distance of about thirty miles from the courtroom, and for that reason defendant and cross-complainant was unable to be present. Upon objection being made to a continuance, defendant's attorney offered both to pay "terms" if such continuance was granted, and to take the deposition in court of a witness then present, who had come some distance. The trial judge suggested that some proof be produced to show that it was impossible for defendant to be present, and took an adjournment until 2 o'clock of the same day.

At 2 o'clock, the motion for a continuance was renewed and the only proof offered was the affidavit of defendant's attorney, to the effect that defendant was unable to be present for the reason that his wife was dangerously ill, and that her condition necessitated defendant's remaining with his wife and children; that this condition had existed for several days before and would exist for several days in the future; that affiant had been informed by the woman's physician that it would be some time before he could determine whether or not she was out of danger. The motion for a continuance was denied and the attorney for defendant announced that he would not participate further in the pro-

ceedings and walked from the courtroom. The trial proceeded and resulted in a judgment against the defendant for $491, interest and costs, and a denial of any relief under his cross-complaint.

The defendant later moved to vacate the judgment and also moved for a new trial, both of these motions being based on the ground that the trial court abused its discretion in refusing to grant a continuance. In support of these motions, a number of affidavits were filed. The first was the affidavit of defendant's attorney, to the effect that the case was set for April 30, 1926, at 10 o'clock, and that on the morning of that day, the defendant called affiant on the telephone and informed him of the dangerous illness of his wife, of his inability to get help, and that it was impossible for him to be present; that he had stated these facts to the court and the judge had asked him to produce proof thereof; that affiant had furnished proof in the form of his own affidavit, but that the court had proceeded with the trial and affiant had withdrawn from the courtroom; and that defendant had a meritorious defense and cause of action on his cross-complaint. The next affidavit, that of defendant himself, set forth that he had a meritorious defense; that his attorney had sent him a letter on October 26, 1925, notifying him of the time and place of trial, but that he never received such notice; that about 8 o'clock on the morning of April 30, 1926, he received a telephone communication from his counsel, asking him whether or not he intended to come to the trial; that he informed his attorney that he had received no notice and was unable to come because of the dangerous illness of his wife; that he was informed by his physician that the condition of his wife was serious; that he was unable to get assistance in that short period of time, and that he was not in a physical or mental condition to take part in the trial. There was also filed the affidavit of the attending physician, corroborating defendant's statement as to the condition of his wife; and in addition there were several affidavits made by other parties, setting forth certain facts going to the merits of the case.

This appeal is from the judgment and orders denying each of said motions. The only question involved is whether or not the trial court abused its discretion in refusing to grant a continuance.

■ The contention is first made that under section 594 of the Code of Civil Procedure, before any trial may be had in the absence of a party to the suit, proof must be made that such party has had five days' notice of the trial, and that no such proof was here made. But this provision does not apply to a case where both parties are represented by counsel, when the case is called for trial. (*Sheldon* v. *Landwehr*, 159 Cal. 778, at 782 [116 Pac. 44].) Nor does it apply in cases where attorneys, having knowledge of the trial date, fail to give timely notice to their clients. (*Canty* v. *Pierce & Anderson*, 173 Cal. 205, at 208 [159 Pac. 582].) It appears from the affidavit here that the attorney for defendant had knowledge of the date of trial more than six months in advance.

■ It is further urged that the showing made to the court on the date of the trial, was amply sufficient to entitle appellant to a continuance. It may be conceded that the facts given, as an explanation of appellant's absence from the trial, if properly presented to the trial court, and in the absence of any lack of diligence, were not only sufficient to entitle him to a continuance, but were sufficient to make the failure to grant the motion an abuse of discretion. It is unquestionably true, as claimed by appellant, that the disposition of the courts is to show great liberality in granting continuances in civil cases, when it is fairly apparent that to do otherwise will have the effect of denying to the applicant the right to his day in court.

Appellant relies upon the following cases: *Betts Spring Co.* v. *Jardine M. Co.*, 23 Cal. App. 705 [139 Pac. 657]; *Jaffe* v. *Lilienthal*, 101 Cal. 175 [35 Pac. 636]; *Morehouse* v. *Morehouse*, 136 Cal. 332 [68 Pac. 976]; *Pacific Gas & Elec. Co.* v. *Taylor*, 52 Cal. App. 307 [198 Pac. 651]; *Estate of Stevens*, 57 Cal. App. 160 [206 Pac. 668]; *Thompson* v. *Thornton*, 41 Cal. 626. We have examined all of these cases, and while they illustrate the rule of liberality above referred to, in each instance there was a full legal showing made, not only of the impracticability of attendance, but also of the necessity therefor. Nor was there present in any of these cases any lack of diligence.

■ An application for a continuance should be supported by affidavits or other proof, showing good grounds for the exercise of the discretion of the court. (*Marcucci*

v. *Vowinckel,* 164 Cal. 693 [130 Pac. 430].) There should be a showing that the presence of the party is necessary (*Greenlee* v. *Los Angeles Trust etc. Bank,* 171 Cal. 371 [153 Pac. 383]; *Queirolo* v. *Queirolo,* 129 Cal. 686 [62 Pac. 315]). In this last case, which was one where the application was supported only by proof of illness, the court says: ''There was then no answer to the petition, no denial of its verified averments, no affidavit of defendant, nor even an oral statement of her counsel, that if permitted to be present defendant would testify to the untruthfulness of the facts stated in the petition, or to any facts whatever, and no showing that her presence was necessary as a witness or as an adviser to her counsel in conducting the hearing. Under such circumstances it was not error to refuse the motion.'' Section 595 of the Code of Civil Procedure provides that a motion to postpone a trial on the ground of absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. If the presence of the defendant was necessary, not to give evidence, but that he might advise and assist his attorney, it should have been shown that the attorney was not in possession of all of the facts, or names of the witnesses, or for some other reason, was not as well prepared to try the case without him as with him. (*Wilkinson* v. *Parrott,* 32 Cal. 102.) Some showing should be made that the absent party may be expected to appear within a reasonable time, if the continuance be granted. (*Mead* v. *Broads,* 21 Cal. App. 324 [131 Pac. 758].) There should be a showing of diligence. (*Marcucci* v. *Vowinckel, supra.*)

Applying these rules to the facts in the instant case, the showing here made for a continuance was far from satisfactory. It appears that the attorney for appellant attempted to notify him of the day of trial more than six months in advance, which notice appellant denies receiving, and although defendant was apparently available on the telephone, as well as otherwise, and lived within thirty miles, no other communication between attorney and client appears until the morning of the trial, at about 8 o'clock. When the case was called at 10 o'clock, no affidavit or proof of any kind was offered, and the verbal statement of counsel went only to the inability of appellant to be present for the

reason given. The court asked for proof of the facts stated, and adjourned until 2 .o'clock. At the afternoon session no proof was offered except the affidavit of counsel, which was clearly hearsay. If it be assumed that the hearsay nature of such an affidavit may be excused where counsel has no other recourse (see *Pacific Gas & Elec. Co.* v. *Taylor, supra*), a different case is presented where first-hand proof was so readily procurable as here. Even assuming that there was no lack of diligence on the part of counsel in going to the very day of the trial without ascertaining whether his client had received a notice sent six months before, and further assuming that there was no time to get affidavits from a distance of thirty miles between 8 o'clock and 10 o'clock of that morning, still there would appear to have been time to get other than hearsay affidavits from that distance before 2 o'clock, especially when requested to make proof by the court and when an adjournment had been taken for that purpose. In any event, the affidavit filed went no further than stating the reason why appellant was absent, and covered none of the other essential matters above pointed out. In connection with the motion for a new trial other affidavits were filed, as above mentioned, as to the reason for absence of appellant, and some going to the merits of the defense, but absolutely no showing was made, either originally or in connection with the motion for a new trial, as to the necessity for the presence of the party, or as to when he might be expected to appear, nor was any showing of diligence whatever made. Neither was any statement made of what was expected to be proved by the absent party. The only fact relied upon as warranting the continuance was the illness of the appellant's wife. This had apparently existed for a considerable time before the trial date, and, with reasonable diligence, there was ample opportunity to make the legal showing required.

Where no legal showing is made in support of the application for a continuance, it is not an abuse of discretion to deny the same. (*Guardianship of Lovern,* 137 Cal. 680 [70 Pac. 783]; *Beckman* v. *Waters,* 161 Cal. 581 [119 Pac. 922].)

In spite of the good reasons existing for liberality in granting continuances in civil cases in the interest of justice upon a proper showing, an orderly procedure de-

mands that, in order to make a continuance practically a matter of right, a reasonable showing must be made. To permit otherwise would be an unnecessary burden on the courts and an unnecessary expense to litigants and the public. ▇ An application for continuance is addressed to the sound discretion of the court, and its ruling will not be disturbed unless this discretion has been clearly abused. We are of the opinion that no such abuse of discretion has been here shown.

The judgment and orders are affirmed.

Sloane, P. J., and Marks, J., concurred.