[Civ. No. 12888.   First Dist., Div. Two.   Aug. 10, 1945.]

LOUIS FERRARI, Appellant, v. PALMIRA MAMBRETTI, as Administratrix, etc., Respondent.

Frank J. Perry and George Olshausen for Appellant.

Anthony S. Devoto for Respondent.

DOOLING, J. pro tem.—This appeal is prosecuted by the plaintiff from a judgment dismissing the action. The case was regularly set for trial on November 6, 1944, and the judgment of dismissal was ordered on that date following the statement of plaintiff's counsel that "I am standing on the grounds that I am not ready to go to trial at this time." It was and is appellant's position that the trial court abused its discretion in denying appellant's motion for a continuance of the trial date to January, 1945.

A previous judgment for appellant in the same case was reversed in this court. (*Ferrari* v. *Mambretti,* 58 Cal.App.2d 318 [136 P.2d 326].) The nature of the action sufficiently appears from that opinion. After the remittitur was filed in the trial court appellant made a motion to file an amended complaint, which was denied. The motion was twice renewed and the last order of denial was made on June 21, 1944. On July 14, 1944, appellant filed a memorandum of motion to set the cause for trial and on August 29, 1944, a motion of respondent to advance the cause for trial was granted and the cause set for trial on October 16, 1944. Thereafter the court continued the case for trial to November 6, 1944.

On October 30, 1944, appellant moved the court for a continuance of the trial to some time in the month of January, 1945. This motion was supported by an affidavit of the plaintiff, one of plaintiff's counsel, the affidavits of two men who were familiar with plaintiff's business, and the affidavits of two witnesses for plaintiff, Voight and Wilson.

The motion for continuance was based upon two grounds: 1. That the requirements of plaintiff's business are such that he could not attend the trial of his action during November or December without suffering irreparable financial loss, and 2. That the witnesses Voight and Wilson, who resided in Lake County beyond the reach of subpoena, could not attend the trial during those months.

The second ground may be summarily dealt with. The testimony of these witnesses would deal with only a small part of plaintiff's services, a few trips to Lake County with his uncle to buy turkeys. There was no showing in any of the affidavits that these two witnesses were the only ones who could testify to these facts. "In order to obtain a continuance it should further appear that the facts expected to be proved by the absent material witness cannot be otherwise proved." (5 Cal.Jur. 992-993.)

█ The sufficiency of the showing of plaintiff's inability to be in continuous attendance on a trial of the length of this one (the first trial consumed nine days) may be conceded. The affidavits showed quite fully that he is a partner in a wholesale nursery business, that the business is largely seasonal and during November and December of each year requires all of his time, and that this was particularly true in 1944 because of war-time shortage of help and the illness of a partner. There was, however, no showing by affidavit that the plaintiff's continuous attendance on the trial was necessary or essential to its prosecution, and it was conceded on the argument of the motion that he could not be a witness by reason of the prohibition of Code of Civil Procedure, section 1880, subdivision 3.

The following quotations from the transcript of the argument on the motion for continuance may serve to evoke some of the atmosphere of, and the interplay of ideas that occurred in, the trial courtroom:

"The Court: Well, that is right, the plaintiff is foreclosed under 1880 from testifying.

"Mr. Perry: That is correct. But we put the plaintiff on the stand and objection was made that he could not testify; but in a trial for any substantial amount of money, if the plaintiff does not appear, it is tantamount to losing the case.

"The Court: Oh well, no; he does not have to be in court. . . .

"Mr. Perry: . . . As I stated before, to force my client to trial—and your honor takes a different view than I do, that there is no necessity in him coming in; and I feel that plaintiff needs every possible advantage in the case, to present a case and let the jury look at the plaintiff and see what his conduct and demeanor is during the course of the trial, and put the plaintiff on the stand and make counsel go through the formality of objecting to his testimony under 1880 of the Code of Civil Procedure.

"The Court: But that should not take more than one day.

"Mr. Perry: I understand that. But it is my idea as attorney for the plaintiff that I feel the plaintiff should be present during the entire trial. That is the position we are in. It is not a point where we just want to get a continuance for the sake of getting it. It has turned out to be an economic point on the part of my client as to whether or not he is going to lose more money in his business if the case goes to trial in this court now, as against an amount he may get from a verdict.

"The Court: If there is any question, he can let the case go ahead and come in now and then. As long as he is not testifying, I don't think it is necessary for him to be there all along. Anyway, that is the order. . . ."

We quote this portion of the argument because, as noted above, the affidavits in support of the motion for continuance did not state, or set out any facts tending to prove, that the plaintiff's continuous presence in the courtroom was necessary or essential.

Appellant leans heavily on *Jaffe* v. *Lilienthal*, 101 Cal. 175 [35 P. 636], and argues in effect that a plaintiff is always entitled to be present at the trial of his cause and must be granted a continuance where it is shown that his absence on the date set for trial through no fault of his own will be unavoidable. The facts in the cited case were not at all similar to those here presented. In *Jaffe* v. *Lilienthal, supra,* the plaintiff was unavoidably detained out of the State of California and the affidavits expressly showed "that his presence at the trial was indispensably necessary; that he was the only person who knew the whereabouts of the witnesses necessary to be called on his behalf; that their names had not been communicated to his attorney, nor the matters to which they would testify." In the case before us the plaintiff resided and had his business in San Francisco, the place of trial. The case had once been tried and presumably all of the witnesses' names were known to plaintiff's counsel. If not, it is not shown that the exigencies of plaintiff's business were such that he could not meet and counsel with his attorney.

It is true that in *Jaffe* v. *Lilienthal* the court used the following language (101 Cal. 177 [35 P. 636]):

"It seldom happens that a trial can be properly had in the absence of the plaintiff, even where he is disqualified as a witness, especially where it is to be tried upon oral testimony. With all the care that can reasonably be taken by both attorney and client, some matter of vital importance is liable to be overlooked by them until the trial calls it to the recollection of the plaintiff, and this is especially true in relation to matters purely in rebuttal. It is the right of parties to be present at the trial of their cases."

Subsequent decisions of the Supreme Court make clear that the right of parties to be present at the trial of their cases is not absolute and unqualified. (*Lynch* v. *Superior Court*, 150 Cal. 123 [88 P. 708]; *Sheldon* v. *Landwehr*, 159 Cal. 778 [116

P. 44]; *Mission Film Corp.* v. *Chadwick P. Corp.*, 207 Cal. 386 [278 P. 855].) The court said in *Sheldon* v. *Landwehr, supra,* 159 Cal. at page 781:

"The circumstance that the witness who is unable to attend is at the same time one of the parties should no doubt be regarded as strengthening the showing in favor of a continuance [citing *Jaffe* v. *Lilienthal, supra*], but it has never been held in this court that the unavoidable absence of a party necessarily compels the court to grant a continuance." (See, also, *Sonstelie* v. *Bush,* 102 Cal.App. 396 [283 P. 336]; *Ross* v. *Thirlwall,* 101 Cal.App. 411 [281 P. 714]; *Johnson* v. *Johnson,* 59 Cal.App.2d 375 [139 P.2d 33]; *Queirolo* v. *Queirolo,* 129 Cal. 686 [62 P. 315]; 17 C.J.S. 211-212.)

█ The granting or denial of motions for continuance rests in the sound discretion of the trial court and the trial court's action thereon will only be reversed on a satisfactory showing that this discretion has been abused. (5 Cal.Jur. 968-970.) █ While there was no counter showing by affidavit or testimony on defendant's part the trial judge was entitled to take into consideration the facts shown by the record that the action had been pending since April 26, 1941; that it was against the administratrix of an estate; and that the estate could not be closed while the action was pending; together with the further facts that appellant could not be a witness on his own behalf; that the case had already once been tried and counsel was therefore familiar with the witnesses on both sides and their previous testimony; that appellant would be present in San Francisco to counsel and advise with his attorney during the course of the trial; and, as the trial judge put it, "If there is any question he can let the case go ahead and come in now and then." Upon the whole record we can find no abuse of discretion in the trial court's order denying the continuance.

This conclusion makes it unnecessary to consider the question, also presented, of the propriety of the orders denying leave to further amend the complaint.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied September 8, 1945, and appellant's petition for a hearing by the Supreme Court was denied October 4, 1945. Carter, J., voted for a hearing.