[Civ. No. 5249.   Fourth Dist.   Jan. 27, 1956.]

CHRISTIAN BECK et al., Appellants, v. HELEN
REINHOLTZ et al., Respondents.

A. Brigham Rose for Appellants.

Harwood, Heffernan & Soden for Respondents.

MUSSELL, J.—This is an action to quiet title to real property in Orange County. Two causes of action were alleged in the complaint. The first cause of action was in the usual short form. In the second cause of action plaintiffs alleged ownership of the property; that on or about December 4, 1946, they secured a loan from defendant James M. McCauley in the sum of $1,847.41 and executed their promissory note therefor; that plaintiffs executed a trust deed on the property involved for the purpose of securing payment of said note; that McCauley transferred and assigned his interest in said note and trust deed to defendant Helen Reinholtz; that plaintiffs made no payment on said note on and after May 5, 1947; that on or about May 18, 1954, a notice of default under said trust deed was recorded and the property was sold to defendant Reinholtz in accordance with the provisions of said trust deed; that the note was subject to the statute of limitations; and that the trust deed was

void. Plaintiffs further alleged tender and offer to pay defendant Reinholtz the amount due under the trust deed.

A demurrer to the second cause of action was sustained by the trial court on March 4, 1955. On that date defendants filed an answer to the complaint and also filed a cross-complaint to quiet defendants' title in the same property. On March 4, 1955, defendants Reinholtz and McCauley filed a notice of motion for summary judgment and for an order dismissing plaintiffs' complaint. This motion was noticed for hearing on March 18, 1955, and was based upon the records and files in said action, together with the affidavit of defendant Helen Reinholtz. The record shows that service of the motion for summary judgment and the supporting affidavit was served by mail on plaintiffs' attorneys Marshall Abbott and Alexander L. Oster at 669 South Westmoreland Avenue, Los Angeles, on March 4, 1955.

In her affidavit in support of the motion defendant Reinholtz set forth that the complaint does not state a good cause of action against the defendants; that plaintiffs were the owners of the real property involved until October 7, 1954; that the said trust deed was executed and delivered on December 4, 1946; that, as alleged in plaintiffs' complaint, plaintiffs made no payments on the promissory note after May 5, 1947; that notice of default under the terms of said trust deed was recorded May 18, 1954; that pursuant to said notice of default, a notice of trustee's sale was executed and the property was sold at public auction to affiant; that a trustee's deed was executed and recorded; that notices of the trustee's sale were posted in three public places in San Clemente and publication was had in accordance with all of the provisions of said trust deed; that pursuant to said sale and the purchase of the property by affiant, she entered into possession of the property and is now the owner thereof; that said sale was legally made and fairly conducted; that by reason of the default of plaintiffs under said note and by reason of the sale of the property to affiant by the trustee on October 7, 1954, plaintiffs' title and interest in the property ceased and was terminated. No affidavits were or have been filed in opposition to defendants' said supporting affidavit.

On March 17, 1955, the Becks filed a notice of motion for continuance of the hearing on the motion for summary judgment. This motion for continuance was supported by the affidavit of Marshall Abbott, one of the attorneys for plain-

tiffs, and it is stated therein that on March 14, 1955, affiant first learned from a notation on his office calendar that the file containing the pleadings in the action was not in his possession; that he was without information necessary to prepare an answer or an affidavit to resist a motion for summary judgment; that on March 15 he ordered the clerk to furnish him with copies of the cross-complaint and motion for summary judgment and telephoned the attorneys for defendants asking for a continuance of their motion. and that his request was refused; that he has learned that plaintiffs have removed from Orange County and now reside approximately 150 miles away; that plaintiffs have a highly meritorious defense to said motion for summary judgment and in the interests of justice it is necessary that he have an additional two weeks' time to prepare the necessary documents.

On March 18, 1955, the motion for summary judgment was heard. The motion for continuance was submitted and the moving party was given five days in which to file points and authorities in support thereof. On March 25, 1955, the motion for summary judgment was granted and plaintiffs' action was dismissed. ■ Plaintiffs appeal from the judgment, contending first that section 437c of the Code of Civil Procedure does not apply to an action to quiet title to real property. This contention is not meritorious. In 1953 an amendment made section 437c applicable ''in any kind of action'' and added a sentence which defined the word ''action'' as including all types of proceedings.

■ Appellants next contend that the demurrer to the complaint should have been overruled. However, it clearly appears from the facts stated in the affidavit of defendant Reinholtz and in the second cause of action alleged in the complaint that plaintiffs could not state a cause of action to quiet title based upon the facts stated therein. The complaint stated a cause of action to quiet title in the usual form in the first cause of action and the defendants filed their answer to the complaint. Under the circumstances shown by the record, no prejudicial error appears in the trial court's ruling on the demurrer as affecting the summary judgment.

Appellants' contention that the court abused its discretion in denying the motion for continuance is likewise without merit. ■ It is well settled that the granting or refusal of a continuance is a matter in the discretion of the trial court. (*Vallera* v. *Vallera*, 73 Cal.App.2d 466, 471 [166 P.2d 893].) The trial court's action thereon will be reversed only on a

showing that its discretion has been abused. (*Ferrari* v. *Mambretti*, 70 Cal.App.2d 492, 496 [161 P.2d 275].) ▉ The affidavit of Helen Reinholtz, the motion and notice of motion for summary judgment were filed on March 4, 1955, and notice of the hearing thereon was served on appellants on the same day. The hearing was noticed to be heard on March 18, 1955, and appellants were allowed more than the time prescribed by section 437c of the Code of Civil Procedure to file affidavits in opposition to defendants' motion. Moreover, on March 18, 1955, the trial court granted plaintiffs five days additional time to file points and authorities in support of said motion and no such points and authorities were filed. Whether the facts stated in the affidavit of Mr. Abbott in support of the motion for continuance entitled plaintiffs additional time was a matter within the discretion of the trial court and we cannot hold that it abused its discretion under the circumstances shown.

Appellants further contend that the affidavit of Helen Reinholtz in support of her motion for summary judgment does not entitle her to have the motion granted, even though appellants did not file a counteraffidavit, as her affidavit does not show that the trustee complied with the terms of the trust deed in the sale of the property. We are not impressed with this argument. ▉ The affidavit of Helen Reinholtz alleges that "the sale was legally made and fairly conducted" and that notices were given as prescribed by all applicable statutory provisions and all of the provisions of the trust deed. Such recitals, when contained in a trust deed, furnish prima facie evidence of the facts as set forth therein. (*Seidell* v. *Tuxedo Land Co.,* 1 Cal.App.2d 406, 408 [36 P.2d 1102].) ▉ In *Security First Nat. Bank of Los Angeles* v. *Cryer,* 39 Cal.App.2d 757, 762 [104 P.2d 66], it was held that while recitals contained in a trustee's deed are not conclusive as between the parties to the trust deed, nevertheless, it was incumbent upon the defendants in that case in order to defeat a motion for summary judgment to present evidentiary facts to controvert the recitals in the trust deed to the effect that the sale was legally held, thereby raising an issue, the merits of which would be determined upon a trial. Plaintiffs herein have failed to allege or show wherein the sale under the trust deed was not made pursuant to its provisions, and have alleged in their complaint that the sale was made by the trustee "in compliance with the notice of default as recorded and by the powers granted to the trustee

in said deed of trust,'' and that a trustee's deed was executed in accordance with the powers granted to said trustee under and by virtue of said trust deed.

Section 437c of the Code of Civil Procedure provides that a motion for summary judgment is to be heard on affidavits. ■ And in *Poochigian* v. *Layne,* 120 Cal.App.2d 757, 760 [261 P.2d 738], it is held that it is settled law that the validity of a judgment entered pursuant to said code section is to be determined by the sufficiency of the affidavits considered upon the hearing of the motion. ■ In *Grueninger* v. *Livingstone & Co.,* 90 Cal.App.2d 266, 274 [202 P.2d 785], it is stated that a motion for summary judgment presented the question as to whether any triable issue of fact is raised which might defeat or reduce the demand of plaintiff and that for the purposes of such a motion the uncontroverted facts alleged in the defendant's affidavits must be accepted as true.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied February 20, 1956, and appellants' petition for a hearing by the Supreme Court was denied March 21, 1956.