Sidney W. MUNDT and Alice Louise Mundt, Appellants,

v.

HOME FEDERAL SAVINGS & LOAN ASSOCIATION et al., Appellees.

No. 19856.

United States Court of Appeals Ninth Circuit.

Aug. 3, 1965.

Rehearing Denied Sept. 16, 1965.

Sidney W. Mundt, in pro. per.

Westcott Griswold, Hillyer, Crake & Irwin, Frederick G. Tellam, Higgs, Fletcher & Mack, San Diego, Cal., for appellees.

Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and DUNIWAY, Circuit Judges.

PER CURIAM.

Appellants appeal from an order entered on October 9, 1964 by the United States District Court affirming the orders of the Referee in Bankruptcy vacating orders restraining foreclosures of deeds of trust.

On October 19, 1959, appellants, as the owners of certain improved and unimproved real property, obtained loans from Home Federal Savings & Loan Association and the predecessors in interest of the appellants, and in connection therewith executed and delivered deeds of trust on said real property as security for the repayment of said loans, which deeds of trust were duly recorded. Commencing in September, 1962, appellants defaulted in the payments due the holders of said securities. On November 19, 1962, appellees recorded a Notice of Default under the deed of trust held by them. Pursuant to the power of sale granted to the trustees in said deed of trust, and in accordance with applicable California law, a notice of trustee's sale was published, posted, and served on appellants notifying them that trustee's sale under said deed of trust was to be held on March 20, 1963.

On March 19, 1963, appellants filed in the District Court their respective petitions for proceedings for an arrangement under Chapter XI of the Bankruptcy Act. Pursuant to an application therefor, an order to show cause and temporary restraining order was issued by the Referee in Bankruptcy enjoining the sale of real property. On March 27, 1963, the Referee issued his order restraining foreclosure and allowing appellees to remain in possession. Following many hearings before the Referee, and on August 21, 1964, the Referee, after notice and on hearing, vacated the orders restraining foreclosure, and on August 27, 1964 the Referee filed a Stay of the Order pending the perfection of a petition to the District Court for review of said orders.

On petition to the District Court to review said orders the District Court, after hearing which was based not only upon the Referee's certificate on petition for review but also upon oral testimony, affirmed the orders of the Referee vacating the restraining orders and vacated the Stay Order issued by the Referee.

On this appeal appellants complain that the orders vacating previously issued orders restraining foreclosure were inequitable and unjust, and violated the Fourteenth Amendment to the Constitution of the United States prohibiting seizure of property without due process of law, and that they were denied a claimed constitutional right to the ap-

pointment of counsel to represent them in the bankruptcy proceedings.

 We have carefully reviewed the record in this case and find no abuse of discretion on the part of the Referee or the District Court in vacating restraining orders previously issued, nor any denial of due process. While we are of the view that no constitutional right to the appointment of counsel exists in these proceedings, the record reveals that at various stages of the proceedings appellants were represented by three different lawyers of their own choosing, and fails to disclose any petition seeking the appointment of counsel.

The orders appealed from are affirmed.