713

[Civ. No. 7948.   Fourth Dist., Div. One.   Mar. 11, 1966.]

CHARLES J. ZALUSKEY et al., Plaintiffs and Respondents, v. SIDNEY W. MUNDT et al., Defendants and Appellants.

Sidney W. Mundt and Alice Louise Mundt, in pro. per., for Defendants and Appellants.

Hillyer, Crake & Irwin and Westcott Griswold for Plaintiffs and Respondents.

BROWN (Gerald), P. J.—The Zaluskeys filed an unlawful detainer action November 27, 1964, against the Mundts; the

714

trial court struck the Mundts' answer, dismissed their cross-complaint, and gave summary judgment to the Zaluskeys. The Mundts appeal.

In 1959 the Mundts had borrowed money and executed a second deed of trust on their real property as security for the loan; the beneficial interest in the trust deed was later assigned to the Zaluskeys. In 1962 the Zaluskeys instituted a trustee's foreclosure proceedings because the Mundts failed to pay the required monthly payments. The trustee duly scheduled his sale of the property for March 20, 1963. On March 19, 1963, the Mundts filed a debtors' petition for a bankruptcy arrangement, Chapter XI, and an order issued that day from the United States District Court restraining the foreclosure.

There were numerous hearings before the referee in bankruptcy to determine whether the restraining order should be vacated. The restraining order was continued after each hearing, the trustee duly postponing his sale to a date following that scheduled for the next hearing. In August 1964 the referee vacated the restraining order against foreclosure. On October 9, 1964, the U.S. district court affirmed the referee's order and denied the Mundts' application for a rehearing and for a stay of execution pending appeal to the U.S. Court of Appeals. On October 13, 1964, the trustee under the deed of trust sold the property to the Zaluskeys. The United States Court of Appeals affirmed the United States district court,[1] and the United States Supreme Court denied certiorari.

In their unlawful detainer action the Zaluskeys alleged they were the owners of the property and were entitled to immediate possession, the Mundts were in possession of the property without permission, and written notice to quit the premises had been served on the Mundts more than three days before filing the unlawful detainer action. The Mundts in their answer denied these allegations of the complaint and set forth as an affirmative defense that they "are about to file an appeal to the Ninth Circuit United States Court of Appeals in the pending bankruptcy proceeding." The Zaluskeys moved for summary judgment and offered three declarations in support of the allegations of the complaint; at the hearing on the motion the Mundts cross-complained "for a bill to cancel a deed" of the property to the Zaluskeys, alleging invalidity of the deed primarily because it was executed in violation of the restraining order of the bankruptcy court. Mr. Mundt's decla-

---

[1]*Mundt* v. *Home Fed. Savings & Loan Assn.*, 349 F.2d 938.

ration in opposition to the motion for summary judgment was to the same effect.

The trial court granted summary judgment (Code Civ. Proc., § 437c), finding that the declaration of Mr. Mundt and the cross-complaint presented no triable issues of fact or law. The court took judicial notice of its own records that an earlier quiet title action, instituted by the Mundts October 26, 1964, and won by the Zaluskeys by summary judgment, was res judicata on the question of title to the property.

Appellants' primary legal contention is that the summary judgment is void because of lack of subject-matter jurisdiction in the state courts. They contend jurisdiction over the debtors' assets remained with the bankruptcy court pending final disposition of their appeal. ■■■ The decision of the referee, however, to vacate the order restraining enforcement of the secured lien was as discretionary as it was initially to enjoin such proceedings. (11 U.S.C. §§ 714, 707; cf. *In re Tracy*, 194 F. Supp. 293; *In re Holiday Lodge, Inc.*, 300 F.2d 516.) Each such act of the referee was within his jurisdiction. The withdrawal of federal jurisdiction over the property subject to the secured lien allowed the trustee under the deed of trust to renew his proceeding to enforce the lien under appropriate state law. Moreover, it was appellants who first invoked the subject-matter jurisdiction of the state courts by bringing the earlier quiet title action.

■■■ Appellants' asserted appeal to the U.S. Court of Appeals did not breathe life anew into the vacated restraining order. (Fed. Rules of Civil Procedure, rule 62, 28 U.S.C.; *Slade* v. *Dickinson*, 82 F. Supp. 416; *Brill* v. *General Indus. Enterprises*, 234 F.2d 465.) By the time the trustee sold the property, the federal bankruptcy court had withdrawn its jurisdiction over the res and jurisdiction had reverted to the state courts. Furthermore, it appears that the Mundts' failure to obtain a stay pending appeal makes the question moot. (Accord, *Brill* v. *General Indus. Enterprises, supra*, 234 F.2d 465.)

All other legal arguments advanced by appellants, that the summary judgment was improperly granted, that there were material factual issues, that the trial court was prejudiced in not continuing the hearing on the notice for motion of summary judgment, and that postponements of the trustee's sale invalidated the sale, are without merit. ■■■ The entry of summary judgment is justified where, as here, there are no triable issues raised by the declarations. See *Beck* v. *Reinholtz*, 138 Cal.App.2d 719 [292 P.2d 906].

Appellants complain that they have been deprived of their property without due process of law, citing the Fourteenth Amendment to the United States Constitution. There is no indication of this deprivation in the record.

The judgment is affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied March 25, 1966.