[S. F. No. 2400. Department One.—November 26, 1902.]

In the Matter of the Guardianship of the Person and Estate of S. S. LOVERN, an Incompetent. NELLIE PAULSEL, Appellant, v. S. S. LOVERN, and Guardian, Respondents.

RESTORATION OF INCOMPETENT PERSON—CONTINUANCE—DISCRETION—
ABSENCE OF SHOWING.—In a proceeding to restore an incompetent person to mental capacity under section 1766 of the Code of Civil Procedure, the question whether at the time set for hearing, a continuance should be granted to a relative of the incompetent person,

in order that thereafter the application might be opposed, was in the discretion of the court; and where there was no legal showing for the continuance, the order refusing it cannot be disturbed.

ID.—REFUSAL TO ALLOW WITNESSES—ERROR NOT SHOWN—PRESUMPTION.—The refusal of the court to allow certain witnesses to be placed upon the stand by the attorney of the contesting relative, is not ground for a reversal of the order restoring the incompetent to capacity, where there is no showing as to the character of the evidence they would have given if sworn to testify. It will not be presumed that they would have given evidence in opposition to the order.

APPEAL from a judgment of the Superior Court of Humboldt County. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Frank McGowan, for Appellant.

J. H. G. Weaver, S. M. Buck, and William Kehoe, for Respondents.

GAROUTTE, J.—This appeal is taken from an order restoring one Lovern to mental capacity under the provisions of section 1766 of the Code of Civil Procedure. At the time set for the hearing of the matter, a daughter of the incapacitated Lovern appeared by attorney and asked for a continuance, in order that thereafter she might oppose the application. Her motion for a continuance was refused, and this appeal upon her part is largely based upon that order of refusal.

In all cases the action of the trial court in granting or refusing a continuance is more or less a matter of discretion. But it is essentially a matter of discretion in a case of the character here presented. In this case, at the time set for the trial, the daughter appeared by attorney and made her application wholly unsupported by any legal showing. Certainly no claim of error can be predicated upon an order denying her motion under these circumstances.

The attorney for the daughter asked during the progress of the trial to place certain witnesses upon the stand, naming them. This application was denied. There is no showing as to the character of the evidence these witnesses would have given, if sworn to testify, and, even conceding the attorney's

right to offer evidence at the hearing, it will not be assumed by this court for the purpose of overthrowing the order made, that those witnesses would have given evidence in opposition to that order.

For the foregoing reasons the order is affirmed.

Harrison, J., and Van Dyke, J., concurred.