[Civ. No. 18257.   Second Dist., Div. Two.   July 25, 1951.]

J. A. SLAUGHTER et al., Plaintiffs and Respondents, v. LOUIS ZIMMAN et al., Appellants; PAUL D. FOSTER, Cross-defendant and Respondent.

Morris Lavine for Appellants.

Herbert Gall for Plaintiffs and Respondents.

De Forrest Home for Cross-defendant and Respondent.

McCOMB, J.—From a judgment in favor of plaintiffs on their complaint to recover the value of professional services rendered by their assignors to defendant minors and against defendants on their cross-complaint for damages resulting from alleged malpractice by plaintiffs, defendants appeal. There is also a purported appeal from the order denying defendants' motion for a new trial.

*Facts:* In response to plaintiffs' complaint defendants filed a cross-complaint on behalf of the minors which was prepared by Attorney Theodore Epstein. At the time of the trial on May 17, 1950, defendant Louis Zimman appearing in propria persona made a motion for a continuance which was denied. On the hearing of this motion it appeared that on May 8, 1950, Theodore Epstein told Louis Zimman, the guardian *ad litem* for the minors, that he could not and would not represent him further and told him to get another lawyer. On May 8, the substitution of attorneys was signed and it was filed on May 9, 1950. By this document Louis Zimman was substituted in propria persona in place of Attorney Epstein. At the hearing on the motion for a continuance the trial judge called to the attention of Louis Zimman this substitution of attorneys, and Mr. Zimman stated that he had been told a week previous to trial that he should have an attorney in the action.

*Questions:* First: *Did the trial court err in denying defendants' motion for a continuance?*

*No.* ■ It is settled that an application for a continuance is addressed to the sound discretion of the trial judge whose ruling will not be reviewed except for the most cogent reasons. The trial court was apprised of all the circumstances of the case and the previous proceedings and was therefore better able to decide upon the propriety of granting the application than an appellate court. ■ An abuse of discretion must

be shown to justify a reversal of the judgment because of a ruling denying a continuance. (*Guardianship of Lovern,* 137 Cal. 680, 681 [70 P. 783]; *Mission Film Corp.* v. *Chadwick P. Corp.,* 207 Cal. 386, 388 [278 P. 855].)

■ In the instant case the record fails to disclose any reason why defendant Louis Zimman had not obtained an attorney after he had consented to the withdrawal of Attorney Epstein. On the contrary, it discloses that the trial judge told said defendant that if he relieved Attorney Epstein from representing him it would not be grounds for a continuance of the trial of the case, and after said statement said defendant stated that he did not want Mr. Epstein to represent him and thereupon the court consented to Mr. Epstein's withdrawal from the case and denied defendants' motion for a continuance. Clearly no abuse of the trial court's discretion appears in the record. (*Cf. Jones* v. *Green,* 74 Cal.App.2d 223, 230 [168 P.2d 418].)

■ Second: *Was there substantial evidence to sustain the trial court's finding that defendants Louis and Bessie Zimman were liable for the professional services rendered to their children?*

*Yes.* Dr. Foster testified as to the extent of the services which he had rendered to the minor children of defendants, and as to the reasonable value thereof. Such testimony substantiated the trial court's findings that the professional services were rendered by plaintiffs' assignors to the children of the adult defendants and as to the reasonable value of such services. It is conceded that the children were minors. Therefore the adult defendants as parents were liable for such services pursuant to section 196 of the Civil Code which reads in part as follows: "The parent entitled to the custody of a child must give him support and education suitable to his circumstances."

Since an order denying a motion for a new trial in a civil action is nonappealable the purported appeal from such order is dismissed. (*Berry* v. *Ryan,* 97 Cal.App.2d 492, 493 [217 P.2d 1015].)

Affirmed.

Moore, P. J., and Wilson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 20, 1951. Carter, J., voted for a hearing.