[Civ. No. 5709. Fourth Dist. Jan. 16, 1958.]

ORANGE COUNTY WATER DISTRICT, Respondent, v. GERTIE L. BENNETT, Appellant.

Robert M. Bushnell and Ralph R. Sleeper for Appellant.

Rutan, Lindsay, Dahl, Smedegaard, Howell & Tucker and Milford W. Dahl for Respondent.

MUSSELL, J.—This is an action in eminent domain in which plaintiff secured a judgment condemning approximately 66 acres of defendant's property in Orange County for the purpose of constructing and completing a spreading ground to replenish the underground water basin within said district and to augment the water supplies thereof. Defendant appeals from the judgment condemning the property and awarding her the sum of $262,800, and from an order authorizing plaintiff to take possession of the property after judgment and pending the final conclusion of the action.

Appellant's first contention is that the finding of public use is not supported by evidence. This contention is without merit.

In *Bauer* v. *County of Ventura*, 45 Cal.2d 276, 284 [289 P.2d 1], the court defined "public use" within the meaning of article I, section 14, of the California Constitution as a use which concerns the whole community or promotes the general interest in its relation to any legitimate object of government, and in that case it was held that the ordinary taking of private property for the purpose of constructing storm drainage systems was a taking for a public use.

In *Miller* v. *City of Palo Alto*, 208 Cal. 74, 77 [280 P. 108], it was held that a public use is a use which concerns the whole community as distinguished from a particular individual or particular number of individuals; public usefulness, utility or advantage; or what is productive of general benefit; a use by or for the government, the general public or some portion of it. (Citing 32 Cyc. 1255, and cases there cited.)

In *Linggi* v. *Garovotti*, 45 Cal.2d 20, 24 [286 P.2d 15], the court said:

"A fundamental principle of law of eminent domain has been stated as follows: ' " 'The legislature must designate, in the first place, the uses in behalf of which the right of eminent domain may be exercised, and this designation is a legislative declaration that such uses are public and will be recognized by courts; but whether, in any individual case, the use is a public use must be determined by the judiciary from the facts and circumstances of that case.' [Citation.] 'If the subject matter of the legislation be of such a nature that there is any doubt of its character, or if by any possibility the legislation may be for the welfare of the public, the will of the legislature must prevail over the doubts of the court.' " ' "

Plaintiff Orange County Water District is a public

corporation created by legislative act of 1933, known as the "Orange County Water District Act." (Stats. 1933, chap. 924, p. 2400; Water Code-Appendix, chap. 40, p. 709.) Section 2 of the act provides in part as follows:

"The 'Orange County Water District' shall have power:

"4. To take by grant, purchase, gift, devise, or lease, to hold, use and enjoy, and to lease, convey or dispose of, real and personal property of every kind, within or without the district, necessary or convenient to the full exercise of its power;

"5. Within or outside of the district to construct, purchase, lease, or otherwise acquire, and to operate and maintain necessary waterworks and other works, machinery and facilities, canals, conduits, waters, water rights, spreading grounds, lands, rights and privileges useful or necessary to replenish the underground water basin within said district, or to augment the common water supplies of said district;

"6. For the common benefit of said district, to store water in underground water basins or reservoirs within or outside of said district, . . .

"8. To have and exercise the right of eminent domain, and in the manner provided by law for the condemnation of private property for public use, to take any property necessary to the exercise of any of the powers granted by this act, . . ."

Paragraph 8 of said section 2 also provides:

"Subject to the express limitations hereinbefore set out, in any proceedings relative to the exercise of such right of eminent domain, said district shall have the same rights, powers and privileges as a municipal corporation."

By the provisions of this act the Legislature has declared that the water district shall have and exercise the right of eminent domain for the purpose of obtaining real property to construct and operate spreading grounds to replenish the underground water basin within said district or to augment the common water supplies thereof. The legislative grant of the right of condemnation of property for use as spreading grounds is a legislative declaration that such use is a public use as defined herein. ■ The replenishment of an underground water basin through the use of spreading grounds concerns the whole community, promotes the general interest in its relation to a legitimate object of government, and is a public use within the meaning of article I, section 14, of the Constitution. ■ The trial court's finding that the use and purposes for which the defendant's property is sought to be

condemned is a public use authorized by law is supported by the record.

 Resolution Number 326 of the board of directors of the district was introduced in evidence. The provisions of section 2 of the Orange County Water District Act relative to the power of the district to exercise the right of eminent domain to acquire spreading grounds were recited therein and it was found and determined that the public interest and necessity requires the acquisition, construction and completion of a spreading ground which is necessary to replenish the underground water basin within said district and to augment the common water supplies of the district. It was further found and determined that said public interest and necessity require that the district acquire title to defendant's property. The resolution further authorized the bringing of an action in condemnation and the taking of possession.

Section 1241 of the Code of Civil Procedure provides that before property can be taken in eminent domain proceedings it must appear that the taking is necessary to a use authorized by law; that when the board of directors of a water district shall have found and determined by resolution that the public interest and necessity require the acquisition, construction and completion, by such district, of any proposed public utility, or any public improvement, and that the property described in such resolution is necessary therefor, such resolution shall be conclusive evidence (a) of the public necessity of such proposed public utility or public improvement; (b) that such property is necessary therefor; and (c) that such proposed public utility or public improvement is planned or located in the manner which will be most compatible with the greatest public good, and the least private injury.

The property sought to be taken herein lies within the territorial limits of the district and there is no evidence that the board of directors was guilty of fraud, or of abuse of discretion, or acted in bad faith in the passage of the resolution. Under such circumstances, the resolution of the board herein is substantial and conclusive evidence of the necessity of the condemnation for a public use. (*Stratford Irr. Dist.* v. *Empire Water Co.*, 44 Cal.App.2d 61, 67 [111 P.2d 957].) As is said in *Berkeley High School Dist.* v. *Coit*, 7 Cal.2d 132, 137-138 [59 P.2d 992]:

"Where the act of a local or subordinate legislative body is not only legislative but also is discretionary in the required exercise of judgment, concerning a matter committed to its

care, the courts 'cannot enter the board room . . . nor interfere at all with its action unless the board is exceeding its legislative powers, or its judgment or discretion is being fraudulently or corruptly exercised.' ''

▮ It is argued that plaintiff did not directly allege a ''public use'' and that therefore plaintiff's case must wholly fail. We are not in accord with this contention.

Section 1244 of the Code of Civil Procedure sets forth the necessary allegations of a complaint in eminent domain and the complaint herein contains the allegations necessary to state a cause of action. Plaintiff also alleged the adoption of the resolution, Number 326, establishing the public interest and necessity of the condemnation as required in section 1241 of the Code of Civil Procedure. Furthermore, defendant admitted in her answer that the Orange County Water District Act, Statutes 1933, chapter 924, with amendments thereto, authorized the Orange County Water District, when formed and established thereunder, to construct, purchase, lease or otherwise acquire spreading grounds, lands, rights and privileges as useful or necessary to replenish the underground water basin within the Orange County Water District, or to augment the common water supplies of said district.

In *Linggi* v. *Garovotti,* 45 Cal.2d 20, *supra,* at pages 26 and 27, the court, in an action to condemn a right of way for a sewer line over adjoining land used for residential purposes, held that section 1244 of the Code of Civil Procedure, which states the requirements of the complaint in an eminent domain action, specifies only that the plaintiff must allege his right to take the property for public use; that in addition, section 1241 of the Code of Civil Procedure requires the condemnor to show that the use to which it is to be applied is one authorized by law and that the taking is necessary to such use; that this section must be construed in conjunction with section 1244; that a statement of necessity is an essential element of the complaint, and that a general allegation of necessity is sufficient. It is our view that the complaint herein contains all of the necessary allegations to state a cause of action in eminent domain.

▮ Appellant next contends that the trial court abused its discretion in denying her motion for a continuance of the trial date. The record shows in this connection that the trial of the action was commenced on July 23, 1956; that on that date the defendant filed a notice of motion to continue the trial for three weeks on the ground that an appraiser for the defend-

ant had become unable to act because of a sudden injury which occurred on July 18, 1956, and that, therefore, the defendant was not ready for trial. It further appears that this appraiser was not employed by the defendant until one week before the trial; that the affidavits in support of the motion did not set forth the exact nature of the testimony sought to be produced by the appraiser; that the defendant had three qualified real property appraisers who testified in her behalf at the trial; that two of these appraisers had extensive appraisal experience in Orange County and made a thorough and extensive investigation of the values of property to which they testified.

Section 595 of the Code of Civil Procedure provides in part that "A motion to postpone a trial on the ground of the absence of evidence can only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it. The court may require the moving party, where application is made on account of the absence of a material witness, to state upon affidavit the evidence which he expects to obtain; . . ."

In *Kalmus* v. *Kalmus,* 103 Cal.App.2d 405, 413-414 [230 P.2d 57], it was held that an application for a continuance is addressed to the sound discretion of the trial court; that while, in a proper case a continuance should be granted because of the illness of a party or of a member of his family, nevertheless, in considering all such applications the court should be governed by the course which seems most likely to accomplish substantial justice; that in seeking such a course, the court may take into consideration the legal sufficiency of the showing in support of the motion and the good faith of the moving party; that illness of a party does not *ipso facto* require the granting of the motion, and that it is for the trial court in all cases, except where otherwise expressly provided by statute, to determine whether or not the circumstances shown are such as to make it proper that a continuance be granted, and its conclusion thereon will not be disturbed unless there has been a plain abuse of discretion; that because of the necessity for orderly, prompt and effective disposition of litigation and the loss and hardship to the parties to an action, as well as to witnesses therein, it becomes and is a part of the bounden duty of the trial judge, in the absence of some weighty reason to the contrary, to insist upon cases being heard and determined with as great promptness as the exigencies of the case will permit.

In *Slaughter* v. *Zimman,* 105 Cal.App.2d 623, 624-625 [234 P.2d 94], the court said:

"It is settled that an application for a continuance is addressed to the sound discretion of the trial judge whose ruling will not be reviewed except for the most cogent reasons. The trial court was apprised of all the circumstances of the case and the previous proceedings and was therefore better able to decide upon the propriety of granting the application than an appellate court. An abuse of discretion must be shown to justify a reversal of the judgment because of a ruling denying a continuance. [Citations.]"

We find no abuse of discretion in the denial of the motion for continuance.

█ Appellant further contends that plaintiff was precluded from maintaining this action because of its failure to comply with sections 36 and 41 of the Orange County Water District Act.

Section 36 relates to the expenditures by the district in an amount in excess of $5,000, public notice and advertisement for bids, and section 41 provides that the board of directors shall have no power to incur any debt or liability in excess of the provisions of the act. However, these provisions do not prevent condemnation proceedings authorized by the act. There is an exception to the particular requirement stated in sections 36 and 41, where, as here, there would be no chance of real competitive bidding, and to require competitive bidding for the purchase, acquisition or condemnation of the property in question would work an incongruity. The requirements of a sinking basin or spreading ground are peculiar in nature and only particular parcels of real property with certain geological formations and locations are satisfactory to such use. The specifications must be drawn to fit a particular piece of property.

As is said in *Los Angeles Dredging Co.* v. *City of Long Beach,* 210 Cal. 348, 354 [291 P. 839, 71 A.L.R. 161], (quoting from 2 Dillon on Municipal Corporations, 1199, § 802):

". . . [t]he law is thus stated: 'It has been held that where competitive proposals work an incongruity and are unavailing as affecting the final result, or where they do not produce any advantage . . . or it is practically impossible to obtain what is required and observe such forms, a statute requiring competitive bidding does not apply.' Our courts have approved this doctrine. [Citations.]"

In *Los Angeles G. & E. Corp.* v. *City of Los Angeles,* 188 Cal. 307, 319 [205 P. 125], in an action involving a contract for the purchase of electricity, the total value of which exceeded the statutory limitations requiring bidding, the court held that the contract was not a contract required to be let only after advertisement and to the lowest bidder.

Appellant next contends that the statutes do not authorize the taking of defendant's land and the district did not comply with the statutory requirement for condemnation. This argument is without merit. The Orange County Water District Act, section 2, specifically provides for condemnation proceedings by the district to acquire spreading grounds to replenish the underground water basin within said district, and by resolution Number 326 the board of directors complied with the statutory requirements.

It is further contended that the condemnor cannot condemn land for corporations not parties to this proceeding nor for uses and services not to be performed by the condemnor. The record shows that the district, pursuant to the provisions of the Orange County Land Use Ordinance, Number 351, applied for a conditional permit for the use of the land sought to be condemned for a spreading ground and that a permit was granted for such use conditional upon the district leaving a sufficient area along the north side of the property for the future construction of the Orange County Flood Control District channel, and further that the plaintiff district offer to convey to the county of Orange, without further consideration, a 30-foot roadway for Anaheim Avenue. It appears that compliance with these conditions was reasonably necessary to the intended use of the property as a spreading ground. There was no showing of an immediate or particular use of the property condemned solely for an agency other than the plaintiff district or that this action was filed for or on behalf of such other agency. It is to be presumed that all of the property condemned was necessary as a spreading ground, a fact determined by resolution of the board of directors.

Finally, appellant claims that the order for immediate possession made after judgment of condemnation should be set aside or modified to afford adequate protection to the defendant. This argument is likewise without merit. The order of possession was made pursuant to the provisions of section 1254 of the Code of Civil Procedure. The plaintiff paid into court the full amount of the judgment, being the sum of $262,800, together with $99.20 as costs. Notice of

motion for the order granting immediate possession was given, a hearing was had thereon, and the court made its order granting the motion and requiring the plaintiff to deposit an additional sum of $10,000. This sum was to pay any further damages and costs which might be sustained by the defendant if for any cause the property should not be taken for public use. The determination of the amount to be deposited pursuant to section 1254 of the Code of Civil Procedure is discretionary with the trial court. (*City of Los Angeles* v. *Oliver*, 110 Cal.App. 248 [294 P. 760].) There is no exact rule by which the amount of damage in such cases can be determined (*Heilbron* v. *Superior Court*, 151 Cal. 271, 276 [90 P. 706]), and no abuse of discretion appears in the order made.

Judgment and order for possession affirmed.

Barnard, P. J., and Waite, J. pro tem.,* concurred.

A petition for a rehearing was denied February 10, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1958. Shenk, J., Carter, J., and Schauer, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.