[Civ. No. 27018. Second Dist., Div. Two. Sept. 3, 1963.]

FRANCES AGNEW, Plaintiff and Appellant, v. FLOYD ROSWELL PARKS et al., Defendants and Respondents.

Steven L. Dobbs, Wirin, Rissman, Okrand & Posner and Paul M. Posner for Plaintiff and Appellant.

DeForrest Home, Schell & Delamer, Richard B. Goethals, Harold B. Pool, Frederick O. Field and Richard L. Kirtland for Defendants and Respondents.

FOX, P. J.—Plaintiff's case was dismissed by the presiding judge of the superior court when she refused to go to trial after the court denied her motion for a further continuance. She appeals from the judgment of dismissal, and also from a denial of her motion to set aside the dismissal.

This action grows out of a previous malpractice case.[1] It is based on an alleged conspiracy on the part of respondents to refuse to testify for her in that action. In a former appeal of the instant case a judgment for the respondents was reversed in part. (*Agnew* v. *Parks,* 172 Cal.App.2d 756 [343 P.2d 118].) The remittitur was filed on October 13, 1959.

On May 28, 1960, appellant retained the firm of Belli, Strong, Ashe & Gerry to handle the retrial of her case. The contract contained a notation by Attorney Melvin Belli indicating that he was "personally to try" the case. The pretrial conference was held almost a year later, at which time the matter was set for trial on September 6, 1961. Five successive continuances followed. The last continuance, granted on March 12, 1962, set the trial for June 18, 1962. The minute order of March 12 bears the notation "No further continuances," and all counsel were instructed on that day to clear their calendars for trial on June 18.

Two days later, on March 14, Mr. Belli sent a letter to appellant telling her that it would be impossible for him to go to trial on the matter in June. In reply to appellant's insistence, Mr. Belli wrote again on March 20, "I cannot and will not try your case 18 June, 1962." Further correspondence ensued, by mail and by wire. Appellant's repeated demands for Mr. Belli's personal appearance continued up to June 15. The consistent reply of the Belli firm was that Mr. Belli was not available. On June 8 appellant was advised to contact Sam Brody to try her case; also, that she was at liberty to procure new counsel. On June 11 appellant went to see the presiding judge in regard to a continuance based on Mr. Belli's unavailability. He informed her that as far as he was concerned, the case was going to trial as ordered on June 18.

Mr. Belli did not appear on June 18 when the case was called for trial. Attorney A. Green announced his appearance for the plaintiff, stating that Sam Brody was ready to try the case if the plaintiff so desired. Technically, it appears that neither Mr. Green nor Mr. Brody were members of the Belli firm. Both, however, had previously appeared for appellant without her objection on one or more of the dates when continuances were granted. Mr. Brody was listed as

---

[1] In the third trial of her malpractice action appellant was awarded a judgment of $37,883.91 plus costs. The judgment has been affirmed and is now final. (*Agnew* v. *City of Los Angeles,* 134 Cal.App.2d 433 [286 P.2d 556].)

''of counsel'' to the Belli firm on the firm letterhead, and it was appellant's understanding that he was to assist Mr. Belli in the trial of her case.

Appellant objected to being represented by either Mr. Green or Mr. Brody since they were not counsel of record for her, and also stating that she had no confidence in Mr. Brody. She requested a 30-day continuance until she could obtain new counsel. Defense counsel indicated they would object to an extended delay, but would agree to a two-day continuance in view of the fact that one of the defense attorneys was involved in final argument in another case. Appellant told the court that two days would not be sufficient time for new counsel to prepare, that she did not want Mr. Brody's services, and that she would rather be substituted in propria persona. Upon inquiry, the court was advised of the correspondence between Mr. Belli and appellant that followed the last continuance. The court then denied appellant's motion for continuance, and she requested that she be substituted in propria persona. Appellant had previously that day filed a written notice of motion to be substituted in propria persona, but it was not considered since her motion in open court was granted. The case was then continued to June 20 on the court's own motion, and appellant was advised to be ready for trial on that date.

On June 20 appellant again requested a 30-day continuance, pleading that she was physically and mentally unable to try the case herself at that time. The court informed her that she would have to produce a medical certificate as to her physical condition, and then carried the case over one day on its own motion.

On June 21 medical reports were submitted from appellant's doctor and from a doctor for the defendants who examined appellant that day. After reviewing these reports the court ruled that in its opinion appellant's health would not be jeopardized by proceeding to trial. The court thereupon inquired of each of the defense counsel as to any hardship that might be caused by a further continuance. It appearing that all had relied on the order ''No further continuances,'' and had cleared their respective trial calendars, and that another delay would result in prejudice to them, the court denied appellant's motion for a further continuance. Appellant stated that it would be useless for her to go to trial unprepared and without counsel. After ascertaining that she refused to proceed, the court dismissed the action.

The basic question on this appeal is: Was there, under all the circumstances, an abuse of discretion on the part of the presiding judge in refusing to grant a further continuance to the plaintiff? The guiding principle in this inquiry is stated in *Agnew* v. *Larson,* 197 Cal.App.2d 444, at page 450 [17 Cal.Rptr. 538] : ██ "The trial court has a wide discretion in granting or denying continuances, and its decision is not disturbed on review unless a clear abuse of discretion is shown." ██ The fact that Mr. Belli did not appear on June 18 to try plaintiff's case does not alter the rule. The granting or denial of a motion for continuance based on absence of counsel rests very largely in the discretion of the trial court. (*Jones* v. *Green,* 74 Cal.App.2d 223, 230 [168 P.2d 418]; *Estate of McCarthy,* 23 Cal.App.2d 395 [73 P.2d 913]; *Corbin* v. *Howard,* 61 Cal.App. 715 [215 P. 920].)

██ A review of the record compels the conclusion that no abuse of discretion was shown.

The trial previously had been continued five times. Plaintiff had been advised more than three months prior to June 18 that Mr. Belli could not try her case in June. This advice in the meantime was repeatedly reconfirmed. She had been told to contact Mr. Brody who was associated with the Belli office and who had previously appeared in connection with earlier continuances and who she understood would be assisting in the trial. Finally, she was told that she was at liberty to procure new counsel. It is therefore clear that she cannot claim surprise at Mr. Belli's failure to appear for trial on June 18.

Also she was aware of the court's order, "No further continuances," and that the numerous counsel for the several defendants had been directed to clear their respective trial calendars so that this case could be tried at the appointed time. Finally, when she went to see the presiding judge on June 11 relative to a continuance due to Mr. Belli's unavailability, she was told that as far as he was concerned the case was going to trial as ordered on June 18. Thus she had ample warning that a further continuance would not be in order. In the face of this situation plaintiff failed to procure other counsel, and refused to permit Mr. Brody, who was represented to the court as ready to try her case if she so desired, to proceed with the trial. Additionally, the court was advised by the four attorneys who were representing separate defendants that they had each cleared their calendars for trial of the case at this time by arranging continuances of other cases into August, September and October. It was also represented that

necessary witnesses had been subpoenaed. Without enlarging upon the significance of each of these facts, it is quite apparent from them and the other circumstances disclosed by the record that the presiding judge was amply justified in denying a further continuance beyond the two days necessary for one of defense counsel to finish a case and an additional day apparently to enable appellant to procure medical reports as to her physical condition.

In support of her contention that she should have been granted a continuance for failure of her retained counsel to appear, plaintiff argues that she had a right to insist that Mr. Belli honor his contract obligation. The fallacy in this argument, however, lies in plaintiff's assumption that an asserted breach of contract by her counsel necessarily entitles her to a continuance. The court is not bound by a contract between a client and her counsel, nor is it required to adjudicate their contractual rights on a motion for continuance based on counsel's failure to appear. Although a party is ordinarily entitled to counsel of his choice for the trial of his case, plaintiff here was not entitled to the personal services of Mr. Belli at the expense and inconvenience of other parties to the action regardless of her contract arrangement with him. The criminal cases in this state make it clear that a defendant cannot demand the services of a particular attorney. (*People* v. *Dowell*, 204 Cal. 109 [266 P. 807]; *People* v. *Manchetti*, 29 Cal.2d 452 [175 P.2d 533].) On this point the court stated in the *Dowell* case, page 113: "It is manifest that the courts cannot in every case await the convenience of some attorney before they can function. Reduced to its lowest terms this would allow a popular attorney to have the courts marking time to serve his convenience." It is obvious that a civil plaintiff who has much greater control over her case than a criminal defendant, and whose liberties are not so strictly protected, cannot demand that she be represented under all circumstances by a particular attorney.

Plaintiff claims that she attempted to obtain other counsel in time for her trial but was unsuccessful due to the contract she had with Mr. Belli. It is evident, however, that she made no attempt to sever her connection with the Belli firm. On the contrary, plaintiff's primary objective during the three months preceding the trial date was to compel Mr. Belli to perform his obligation.

The fact that appellant substituted herself in propria persona at the last minute did not entitle her to any greater

consideration than other parties and counsel. (*Muller* v. *Muller*, 141 Cal.App.2d 722, 732 [297 P.2d 789].) Nor did the substitution require that she be granted a continuance to prepare her case. (*Flynn* v. *Fink*, 60 Cal.App. 670 [213 P. 716].) A factual situation similar to the present one was before the court in *Slaughter* v. *Zimman*, 105 Cal.App.2d 623 [234 P.2d 94]. In the *Slaughter* case the defendant filed a substitution of attorney (substituting himself in propria persona) eight days before trial. On the trial date the court ascertained that the defendant had been told a week before the trial that he should have an attorney in the action. The trial judge then told the defendant that if he relieved his former attorney it would not be grounds for a continuance. The defendant insisted on the substitution and the court consented, thereafter denying his motion for continuance. It was held that there was clearly no abuse of discretion by the trial court. In the instant case the plaintiff knew of the order ''No further continuances,'' and she had been informed by the presiding judge a week before the trial date that the case was going to trial as planned. Plaintiff, therefore, substituted herself in propria persona with full knowledge of the fact that no further continuance would be granted, as did the defendant in *Slaughter*.

It is suggested that it was through inadvertence that plaintiff requested on June 18 to be substituted in propria persona in place of Mr. Belli. The clerk's transcript, however, disproves this for it discloses that on that date appellant filed a written notice of motion, supported by her own affidavit, requesting the court to make an ''order substituting herself in pro per as attorney of record in place and stead of Melvin M. Belli, Belli, Strong, Ashe and Gerry.'' Both the notice of motion and appellant's affidavit were dated June 16, 1962—two days before her request in open court for such substitution. It is therefore apparent that her request for substitution in propria persona in place of Belli and his firm was not a spur of the moment decision but one which she had contemplated and in support of which she had made formal preparation.

■ Whether or not appellant was entitled to a continuance on account of her health was essentially for the trial court's determination based upon the judge's evaluation and interpretation of the medical reports that had been furnished him. We find no basis, as a matter of law, for holding that the trial judge abused his discretion in this matter.

It is unnecessary to discuss numerous incidental and collateral arguments made on behalf of plaintiff for they are not of sufficient relevancy or importance to justify a reversal in any event.

 Plaintiff's motion to vacate the judgment of dismissal simply sought a reconsideration of the matters the court had initially passed upon and merely called upon the court to repeat or overrule its prior decision on the same facts. In such circumstances the order denying the motion to vacate the judgment is not appealable. The governing principle is stated in *Spellens* v. *Spellens*, 49 Cal.2d 210, at page 228 [317 P.2d 613]: "'[W]here there is a right of appeal from a judgment or order, a party cannot ordinarily take an appeal from a subsequent order denying a motion to vacate the judgment or order complained of, under such circumstances that the motion merely calls upon the court to repeat or overrule the former ruling on the same facts. And if the grounds upon which the parties seek to have a judgment vacated existed before the entry of the judgment and would have been available on an appeal from the judgment, an appeal will not lie from an order refusing the motion.'" (Accord: *Martin* v. *Martin*, 215 Cal.App.2d 338, 339 [30 Cal.Rptr. 293].) In the instant case, the grounds upon which appellant sought to have the judgment vacated existed prior to the entry of the judgment and have been considered on this appeal from the judgment. It therefore follows that the purported appeal from the order denying the motion to vacate the judgment must be dismissed, and it is so ordered.

The judgment is affirmed.

Ashburn, J., and Herndon, J., concurred.

A petition for a rehearing was denied October 1, 1963, and appellant's petition for a hearing by the Supreme Court was denied October 23, 1963.