Filed 8/2/13  Lee v. Stearn CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KYUNG RYUN LEE, | B244790 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC460556) |
| v. | |
| MARTIN STEARN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Deirdre Hill, Judge.  Affirmed.

Law Offices of Andrew Kim and Andrew Kim for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

Kyung Ryun Lee appeals from a judgment against her after a court trial of her legal malpractice action against Martin Stearn and others. She claims the trial court erred in denying her a continuance for proper preparation for trial, and that it erred in finding no liability based on her failure to produce an expert witness at trial. We find no error and affirm the judgment.

FACTUAL AND PROCEDURAL SUMMARY

We glean our factual statement from the limited record provided on appeal.[1] Ms. Lee retained attorney Stearn to represent her in a dental malpractice case against Sang Don Choi. She told Stearn she suffered injury during dental treatment by Dr. Choi in December 2007. Stearn filed an action against Dr. Choi on her behalf in Los Angeles Superior Court. In February 2010, Dr. Choi moved for summary judgment. According to Stearn, he attempted to contact all the healthcare workers who treated Ms. Lee for her alleged injuries in the underlying case, but none was willing to act as an expert witness or sign a declaration to oppose the summary judgment motion. Stearn did not file opposition to the motion, and did not appear at the hearing on the motion. Summary judgment was granted and the dental malpractice action was dismissed.

In April 2011, Ms. Lee, in propria persona (pro. per.), brought this legal malpractice action against Stearn and others. On January 30, 2012, defendants moved for summary judgment on the ground that there was no expert willing to provide a declaration to oppose the motion for summary judgment in the underlying dental malpractice case.

Ms. Lee, still in pro. per., filed opposition. In her declaration, she stated that she had attempted to obtain declarations of various experts, but some had moved away and the University of Southern California School of Dentistry would not help her, which she believed was a matter of policy. She visited Daniel Chang's clinic to ask him to become her expert witness. He refused to sign the declaration, but "I think if this Court issue a

---

[1]     The record does not contain any pleadings or rulings from the dental malpractice case, nor does it contain the complaint or the summary judgment motion in the legal malpractice case.

subpoena, he will come to this Court at the trial to become an expert witness." She also submitted the declaration of a licensed acupuncturist who had treated Ms. Lee for pain from her teeth. According to that declaration, Ms. Lee had explained that the damage was caused by dentist Sang Don Choi, and "After considering all other possible causes, I could not find or infer that there have been any other causes for her injuries, and I opine that her explanation is credible." Ms. Lee indicated a third witness, Dr. Cristina Lim, would not sign a declaration but told her that if ordered by a judge, she would come to court as an expert witness.

The court took the matter under submission and then denied the motion. "Defendants do not include letters or other records of correspondence where dental professionals refused requests to offer expert opinions, nor do Defendants declare the names of the professionals they supposedly contacted or how many they contacted. The only letter Defendants include with the instant motion requests an interview with a dental professional that Plaintiff saw after the alleged medical malpractice by Choi. It does not indicate that the dental professional refused to offer expert testimony. Furthermore, this is evidence of correspondence with only one professional. It does not support the statement that Defendants contacted and were refused by all dental professionals that treated Plaintiff."

On May 7, 2012, the date set for the final status conference, Ms. Lee told the court she had retained an attorney. She told the court if she had one more month, she would bring the attorney; the court reminded her that trial was set for May 15. The court continued the status conference to May 14, with May 15 for trial. On May 14, an attorney from the law firm of Jeong & Likens appeared as counsel for Ms. Lee. The court ordered the parties to arrange a mandatory settlement conference, set August 16 for the final status conference, and continued the trial to August 30.

On July 26, 2012, Chan Yong Jeong moved to be relieved as counsel "based upon my client's refusal to communicate and breach of our representation agreement." Ms. Lee substituted herself in as counsel, and then on August 16, substituted in Timothy

Yoon Chung as counsel. Counsel did not appear that date for the final status conference, and the court continued that conference to August 30, to be held just prior to the trial.

On August 30, Ms. Lee substituted in Andrew Kim as counsel. The court proceeded with the trial. Ms. Lee testified on her own behalf. Mr. Stearn testified and was cross-examined regarding his efforts to obtain an expert's opinion to counter the summary judgment motion brought in the underlying dental malpractice action. The court took judicial notice of the file in that underlying case. Ms. Lee failed to subpoena or produce any witnesses. In its minute order the court stated: "Plaintiff does not have a professional expert to testify as to the standard of care in the dental practice community which is necessary to establish that a defense could have been marshaled to the summary judgment motion in the underlying action. The court therefore finds that in providing no expert opinion, Plaintiff has necessarily failed to show any disputed facts could have been presented for Plaintiff herein to have prevailed on the underlying motion for summary judgment . . . . [¶] The Court finds Plaintiff has failed to meet the burden of proof on professional negligence. The Court further finds that Plaintiff is consequently unable to prove legal malpractice. Judgment is rendered in favor of the defendant."

Ms. Lee filed a timely appeal from the judgment. There is no appearance by defendants on appeal.

## DISCUSSION

## I

Ms. Lee argues that the trial court should have granted a reasonable continuance of trial to allow her new counsel to prepare for trial and procure an expert witness. She claims she was the victim of having three different attorneys within 30 days of trial, which caused her legal representation to be fragmented and disjointed. It has long been settled that a trial court has wide discretion to grant or deny a continuance, and its decision will not be disturbed unless a clear abuse of discretion is shown. (*Agnew v. Parks* (1963) 219 Cal.App.2d 696, 700.)

The court granted Ms. Lee a reasonable continuance from the original trial date of May 15 to the end of August. The fact that Ms. Lee changed attorneys three times during

4

that extended period, including twice in the last two weeks, did not require the court to grant additional time for trial preparation. (See *Agnew v. Parks*, *supra*, 219 Cal.App.2d at pp. 701-702.) There was no abuse of discretion.

## II

Ms. Lee claims the court erred by failing to weigh the evidence of legal malpractice. To prevail in a legal malpractice action, it is not enough to show that the attorney erred. (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 166.) The plaintiff must also establish that, but for the alleged legal malpractice, the trial or settlement of the underlying lawsuit would have resulted in a better outcome. (*Ibid.*) To prevail on her claim for legal malpractice, Ms. Lee first had to establish that "but for" defendant Stearns' negligence, she would have obtained a better result in the underlying dental malpractice case. That was the court's focus at trial.

"A physician's [or dentist's] standard of care is the key issue in a malpractice action and can only be proved by expert testimony unless the circumstances are such that the required conduct is within the layperson's common knowledge." (*Curtis v. Santa Clara Valley Medical Center* (2003) 110 Cal.App.4th 796, 800; see also *Avivi v. Centro Medico Urgente Medical Center* (2008) 159 Cal.App.4th 463, 467.) This case does not fall within the layperson's knowledge exception. Defendant Stearns presented evidence that in the underlying case, he attempted to obtain expert opinion to raise a triable issue of fact as to the standard of care in the relevant community and whether the defendant dentist, Dr. Choi, met that standard of care. He was unable to secure such an expert witness. Apparently the trial court credited his testimony. The trier of fact is entitled to accept or reject all the testimony of any witness; on appeal, this court will not reweigh the evidence or pass upon a witness's credibility. (*Kelly-Zurian v. Wohl Shoe Co.* (1994) 22 Cal.App.4th 397, 409.)

Ms. Lee presented no witnesses—expert or lay—who could or would have testified to the standard of care in the relevant dental community and whether Dr. Choi failed to meet that standard. Without such evidence, she did not meet her burden to prove that attorney Stearns could have succeeded in defending against Dr. Choi's motion for

5

summary judgment.  There was thus no evidence that, but for attorney Stearns' failure to oppose the summary judgment, Ms. Lee could have successfully defended against summary judgment and prevailed in her dental malpractice case.

As the trial court properly noted, because Ms. Lee failed to meet the burden of proof on professional negligence in the underlying action, she is consequently unable to prove legal malpractice.  The court properly found in favor of defendants.

DISPOSITION

The judgment is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EPSTEIN, P. J.


We concur:




MANELLA, J.




SUZUKAWA, J.


6